MARTIN D. BERN (SBN 153203)
martin.bern@mto.com
MALCOLM A. HEINICKE (SBN 194174)
malcolm.heinicke@mto.com
PAUL J. KATZ (SBN 243932)
paul.katz@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street
Twenty-Seventh Floor
San Francisco, CA  94105-2907
Telephone:     (415) 512-4000
Facsimile:      (415) 512-4077

Attorneys for Defendant
GUARDSMARK, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| JOEL ASSEKO, ALFREDO RITA, and ALEX SHPAK, individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>vs.<br><br>GUARDSMARK GP, LLC, GUARDSMARK, LLC, GUARDSMARK, INC., GUARDSMARK HOLDINGS, INC., and DOES 1-25,<br><br>  Defendant. | CASE NO. 7 4367<br><br>**NOTICE OF REMOVAL AND REMOVAL PETITION**<br><br>(San Francisco County Superior Court Case No. CGC 07 - 463846) |

1  TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant Guardsmark, LLC ("Guardsmark") by its attorneys, and with the consent of the other defendants to the extent required, hereby removes the above-entitled action, originally filed in the Superior Court of the State of California for the County of San Francisco, to the United States District Court for the Northern District of California, San Francisco Division, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446 and the Labor Management Relations Act ("LMRA"). See 29 U.S.C. § 185(a).

1.  On or about May 31, 2007, Plaintiffs commenced an action against Guardsmark entitled JOEL ASSEKO, ALFREDO RITA, and ALEX SHPAK, individually and on behalf of all others similarly situated, vs. GUARDSMARK GP, LLC, GUARDSMARK, LLC, GUARDSMARK, INC., GUARDSMARK HOLDINGS, INC., and DOES 1-25, Case No. CGC 07 - 463846, in the Superior Court of California for the County of San Francisco ("Complaint"). A copy of this Complaint is attached as Exhibit A to this notice.

2.  On July 25, 2007, Plaintiffs served Defendants Guardsmark, LLC ("Guardsmark") by hand delivery (through its agent for service) with a summons and a copy of the Complaint. This removal petition is therefore timely. See 28 U.S.C. § 1446(b); Murphy Bros. v. Michetti Pipe Stringing, 526 U.S. 344, 354-355, 119 S. Ct. 1322, 1329-30 (1999) (time to remove does not begin to run until service is effectuated).

3.  On August 20, 2007, pursuant to stipulation, a dismissal without prejudice of defendants Guardsmark GP, LLC; Guardsmark, Inc.; and Guardsmark Holdings, Inc. (the "Dismissed Defendants") was filed in the Superior Court. In the County of San Francisco, this dismissal is effective upon filing with the Court Clerk, with no further action by the Court. If for any reason the dismissal is not deemed effective as of the date of this removal petition, then the Dismissed Defendants, who are also represented by Munger, Tolles & Olson LLP, hereby join through their counsel in this removal petition.

4.  Plaintiffs purport to represent a class of Guardsmark security guard employees currently working, or having previously worked within four years prior to the filing of the Complaint. The purported class consists of all security officers who, during the four years

3476076.4 - 1 - NOTICE OF REMOVAL AND REMOVAL PETITION

prior to the filing of the Complaint, worked for Guardsmark, LLC (1) at an account where Guardsmark provided security services pursuant to contract(s) with the California Department of General Services; and (2) under the terms and conditions of a collective bargaining agreement with the Service Employees International Union ("SEIU"). The Complaint purports to assert state law statutory claims and common law causes of action for breach of contract, unfair and unlawful business practices, breach of the implied covenant of good faith and fair dealing, and constructive fraud.

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and Section 301 of the LMRA, 29 U.S.C. § 185(a), which provides:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect of the amount in controversy or without regard to the citizenship of the parties.

The preemptive force of § 185(a) is so great that it converts state causes of actions that fall within its ambit into causes of action that arise under federal law and thus provide the basis for removal to federal court, i.e., it preempts and supplants such claims. Caterpillar, Inc. v. Williams, 482 U.S. 386, 393, 107 S. Ct. 2425, 2030 (1987).

6. "Section 301 of the LMRA preempts state law claims that are based directly on rights created by a collective bargaining agreement, and also preempts claims that are substantially dependent on an interpretation of a collective bargaining agreement." Aguilera v. Pirelli Armstrong Tire Corp., 223 F.3d 1010, 1014 (9th Cir. 2000).

7. Each of Plaintiffs' third through eighth causes of action are completely preempted by section 301 because they are either "based directly on rights created by a collective bargaining agreement" ("CBA") or "substantially dependent on an interpretation" of such agreement. Only one such cause of action need be preempted and supplanted by the LMRA to

1  give rise to removal jurisdiction here.

2          (a)    Plaintiffs' fifth, sixth, and seventh causes of action are preempted
3  because they explicitly seek to enforce rights created by a CBA. The fifth cause of action quotes
4  portions of the CBA between Plaintiffs' union, the SEIU, and Guardsmark that provide holiday
5  pay for employees covered by the CBA. Complaint, at ¶¶ 67-68. Plaintiffs then allege that
6  Guardsmark has breached these provisions by not paying Plaintiffs the full amount of holiday pay
7  owed to them under the CBA. Id. at ¶ 69. Similarly, the sixth cause of action quotes a provision
8  of the CBA stating that Guardsmark will compensate covered employees for mandatory training.
9  Id. at ¶¶ 71-72. Plaintiffs allege that Guardsmark has breached this training compensation
10 provision by not paying Plaintiffs the full amount of training pay owed to them under the CBA.
11 Id. at ¶ 73. The seventh cause of action avers, in part, that Guardsmark breached the implied
12 covenant of good faith and fair dealing by breaching the holiday and training pay provisions of
13 the CBA. Id. at ¶ 76. Claims five and six are paradigmatic examples of claims preempted by
14 section 301 of the LMRA because they allege breaches of the CBA. See, e.g., Jackson v. S. Cal.
15 Gas Co., 881 F.2d 638, 642 (9th Cir. 1989). To the extent that it relies upon these breaches of the
16 CBA, the seventh claim for breach of the implied covenant is also preempted. See Newberry v.
17 Pac. Raceway Assoc., 854 F.2d 1142, 1147 (9th Cir. 1988).

18         (b)    The third, fourth, and apparent remainder of the seventh causes of
19 action are also preempted because they seek contractual remedies that are potentially enforceable
20 only as part of the CBA. The third cause of action alleges that Plaintiffs are third-party
21 beneficiaries to contracts between Guardsmark and the California Department of General
22 Services ("DGS"). Complaint, at ¶ 57. This claim further alleges that Guardsmark has breached
23 such contracts by not paying Plaintiffs "benefits and/or cash-in-lieu" as promised in the DGS
24 contracts. Id. at ¶ 58. The fourth cause of action alleges that Guardsmark also breached these
25 same contracts by not fully compensating Plaintiffs for promised holiday pay. Id. at ¶ 63. The
26 remainder of the seventh cause of action alleges that these breaches of the DGS contracts are also
27 breaches of the implied covenant of good faith and fair dealing. Id. at 76. When an employee's
28 position is covered by a CBA, as Plaintiffs' positions admittedly are, the employee may seek to

1  enforce a separate employment agreement only insofar as it is incorporated into the CBA. See
2  Aguilera, 223 F.3d at 1015 ("Because any independent agreement of employment [concerning a
3  job position covered by the CBA] could be effective only as part of the collective bargaining
4  agreement, the CBA controls and the contract claim is preempted."(quoting Young v. Anthony's
5  Fish Grottos, Inc., 830 F.2d 993, 997 (9th Cir. 1987)) (alteration in original) (internal quotation
6  marks omitted)). Because Plaintiffs admit their positions are covered by a CBA, see Complaint,
7  at ¶¶ 66 & 73, claims three, four, and remainder of claim seven seeking to enforce the DGS
8  contracts are controlled by the CBA, and are therefore preempted.

9      (c)    Finally, the eighth cause of action is preempted because it is a tort
10 claim that substantially depends upon analysis of the terms of the CBA. The eighth claim alleges
11 that Guardsmark committed constructive fraud by "failing to pay and disclose an explanation and
12 manner of calculation" of benefits owed to Plaintiffs under the DGS contracts. Id. at 80. Tort
13 claims are preempted by section 301 when they are "substantially dependent upon analysis of the
14 terms of an agreement made between the parties in a labor contract." Aguilera, 223 F.3d at 1017
15 (quoting Bales v. Gen. Tel. Co., 795 F.2d 775, 780 (9th Cir. 1986)). To make out a claim for
16 constructive fraud, a plaintiff must show, inter alia, defendant's breach of a fiduciary duty. In re
17 Harmon, 250 F.3d 1240, 1248 n.10 (9th Cir. 2001). As noted above, employees covered by a
18 CBA can bring claims under separate employment agreements only as part of the CBA. See
19 Aguilera, 223 F.3d at 1015. Because Plaintiffs' eighth cause of action substantially depends upon
20 the Court's interpretation of Guardmark's duties under the CBA, it is preempted.

21     8.    To the extent the first and second causes of action are not preempted by the
22 LMRA, a point Guardsmark does not concede, this Court has supplemental jurisdiction over such
23 purported causes of action pursuant to 28 U.S.C. § 1367. Section 1367 states in part:

24     [I]n any civil action of which the district courts have original
25     jurisdiction, the district courts shall have supplemental jurisdiction
26     over all other claims that are so related to claims in the action
27     within such original jurisdiction that they form part of the same
28     case or controversy under Article III of the United States

1  Constitution.

2  Id. § 1367(a). In their first cause of action, Plaintiffs allege that Guardsmark violated Cal. Labor Code §§ 201, 202 & 204 by not fully compensating Plaintiffs for benefits owed to them under the Cal. Gov't Code § 19134. In their second cause of action, Plaintiffs allege that these statutory violations also constitute a violation of Cal. Business & Professions Code § 17200 *et seq*. This alleged wrongful conduct is related to the alleged wrongful conduct that Plaintiffs seek to redress in the rest of their claims. Because Plaintiffs' six other related claims each independently provide a basis for federal jurisdiction, this court may exercise supplemental jurisdiction over claims one and two. Rissetto v. Plumbers and Steamfitters Local 343, 94 F.3d 597, 600 n.2 (9th Cir. 1996).

9.  To the extent that the Court finds that any of causes of action three through eight are not completely preempted under the LMRA, the Court may exercise supplemental jurisdiction over such claims so long as at least one cause of action is completely preempted. See 28 U.S.C. § 1367(a).

10. Venue is proper in this district and division under 28 U.S.C. §1441(a) because the removed action has been pending within this district and division.

11. Guardsmark will promptly file a copy of this Notice of Removal with the Clerk of the state court in which the action has been pending.

12. The following constitute all of the process, pleadings, and other papers served on Guardsmark in this action, true and correct copies of which are attached hereto and incorporated herein:

Exhibit A:  Class Action Complaint, Civil Cover Sheet & ADR materials
Exhibit B:  Notice to Plaintiff by Court setting Case Management Conference
Exhibit C:  Summons on Guardsmark, LLC
Exhibit D:  Stipulated Dismissal of Guardsmark, Inc., Guardsmark GP, LLC, and Guardsmark Holdings, Inc.
Exhibit E:  Answer and General Denial of Defendant Guardsmark, LLC

//
//

1  BASED ON THE FOREGOING, Guardsmark hereby removes this action, now
2  pending in the Superior Court of the State of California for the County of San Francisco, to the
3  United States District Court for the Northern District of California.

5  DATED: August 23, 2007

MUNGER, TOLLES & OLSON LLP
MARTIN D. BERN
MALCOLM A. HEINICKE
PAUL J. KATZ

By: /s/ Martin D. Bern
MARTIN D. BERN

Attorneys for Defendant
GUARDSMARK, LLC

3476076.4

- 6 -

NOTICE OF REMOVAL AND
REMOVAL PETITION