Case 3:07-cv-04367-BZ   Document 1-4   Filed 08/23/2007   Page 1 of 14

**EXHIBIT B**

CASE NUMBER: CGC-07-‍3846  JOEL ASSEKO et al VS. GUA‍SMARK GP LLC et al

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

>    **DATE:** NOV-02-2007
>
>    **TIME:** 9:00AM
>
>    **PLACE:** Department 212
>    400 McAllister Street
>    San Francisco, CA  94102-3680

All parties must appear and comply with Local Rule 3.

> CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.
>
> However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 212 twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

> IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL.
> (SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400 McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3876

See Local Rules 3.6, 6.0 C and 10 D re stipulation to commissioners acting as temporary judges

Case 3:07-cv-04367-BZ   Document 1-4   Filed 08/23/2007   Page 3 of 14

**EXHIBIT C**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
GUARDSMARK GP, LLC, GUARDSMARK LLC, GUARDSMARK, INC., GUARDSMARK HOLDINGS, INC., and DOES 1-25,

**YOU ARE BEING SUED BY PLAINTIFF:**
JOEL ASSEKO, ALFREDO RITA, and ALEX SHPAK, individually and on behalf of all others similarly situated

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
(El nombre y dirección de la corte es):
Superior Court of California, County of San Francisco
400 McAllister Street
San Francisco, California 94102

CASE NUMBER: CGC-07-463846

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Heintz Robyn & Digesti LLP
1113 Adella Avenue, Coronado, California 92118  (800) 939-8533

DATE: MAY 3 1 2007       GORDON PARK-LI Clerk, by CRISTINA E. BAUTISTA , Deputy
(Fecha)                  (Secretario)                                      (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): GUARDSMARK LLC
   under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☒ by personal delivery on (date): JULY 25, 2007

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

**EXHIBIT D**

08/20/2007 09:09 FAX                    AOE                                    ☐002/002
08/17/2007 17:02 FAX 4155124077    MUNGERTOLLES&OLSON                          ☐002/005

CIV-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): <br> Christopher R. Robyn <br> HEINTZ ROBYN & DIGESTI LLP <br> 1113 Adella Avenue, Suite #100 <br> Coronodo, CA 92118 | TELEPHONE NO.: <br> (800) 939-8533 | FOR COURT USE ONLY <br><br> ENDORSED <br> F I L E D <br> San Francisco County Superior Court <br><br> AUG 2 0 2007 <br><br> GORDON PARK-LI, Clerk <br> BY: _WESLEY RAMIREZ_ <br> Deputy Clerk |
|---|---|---|
| ATTORNEY FOR (Name): Plaintiffs | | |
| Insert name of court and name of judicial district and branch court, if any: <br> San Francisco Superior Court | | |
| PLAINTIFF/PETITIONER: JOEL ASSEKO, ALFREDO RITA & ALEX SHPAK, individually and on behalf of all others similarly situated <br> DEFENDANT/RESPONDENT: GUARDSMARK LLC, GUARDSMARK, INC., GUARDSMARK GP, LLC and GUARDSMARK HOLDINGS, INC. | | |
| REQUEST FOR DISMISSAL <br> ☐ Personal Injury, Property Damage, or Wrongful Death <br>   ☐ Motor Vehicle  ☐ Other <br> ☐ Family Law <br> ☐ Eminent Domain <br> ☒ Other (specify): Employment Law | CASE NUMBER: <br> CGC 07-463846 | |

- A conformed copy will not be returned by the clerk unless a method of return is provided with the document. -

1. TO THE CLERK: Please dismiss this action as follows:
   a. (1) ☐ With prejudice    (2) ☒ Without prejudice
   b. (1) ☒ Complaint    (2) ☐ Petition
      (3) ☐ Cross-complaint filed by (name):                              on (date):
      (4) ☐ Cross-complaint filed by (name):                              on (date):
      (5) ☐ Entire action of all parties and all causes of action
      (6) ☒ Other (specify):* complaint as to Guardsmark, Inc., Guardsmark GP, LLC and Guardsmark Holdings, Inc. ONLY

Date: August 17, 2007

Christopher R. Robyn                                              ▶ _[signature]_
(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)                (SIGNATURE)
*If dismissal requested is of specified parties only of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

Attorney or party without attorney for:
☒ Plaintiff/Petitioner    ☐ Defendant/Respondent
☐ Cross - complainant

2. TO THE CLERK: Consent to the above dismissal is hereby given.**
   Date: August 17, 2007

Martin D. Bern                                                    ▶ _[signature]_
(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)                (SIGNATURE)
** If a cross-complaint-or Response (Family Law) seeking affirmative relief -is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).

Attorney or party without attorney for:
☐ Plaintiff/Petitioner    ☒ Defendant/Respondent
☐ Cross - complainant

(To be completed by clerk)
3. ☐ Dismissal entered as requested on (date):
4. ☐ Dismissal entered on (date):                          as to only (name):
5. ☐ Dismissal not entered as requested for the following reasons (specify):

6. ☐ a. Attorney or party without attorney notified on (date):
       b. Attorney or party without attorney not notified. Filing party failed to provide
          ☐ a copy to conformed ☐ means to return conformed copy
   Date:                         Clerk, by _____, Deputy

Page 1 of 1

Form Adopted for Mandatory use
Judicial Council of California
CIV-110 [Rev. January 1, 2007]

**REQUEST FOR DISMISSAL**

Code of Civil Procedure, § 581 et seq.;
Cal. Rules of Court, rule 3.1390
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

**PROOF OF SERVICE BY U.S. MAIL**

I, Julie W. Lunsford, declare:

1. I am over the age of 18 and not a party to the within cause. I am employed by Munger, Tolles & Olson LLP in the City and County of San Francisco, State of California. My business address is 560 Mission Street, Twenty-Seventh Floor, San Francisco, California 94105-2907.

2. On August 20, 2007, I served a true copy of the attached document entitled **REQUEST FOR DISMISSAL** by placing it in an addressed sealed envelope(s) clearly labeled to identify the person(s) being served at the address(es) shown below/set forth on the following service list and placed said envelope(s) in interoffice mail for collection and deposit with the United States Postal Service at 560 Mission Street, Twenty-Seventh Floor, San Francisco, California, on that same date, following ordinary business practices:

Christopher R. Robyn
Heinz Robyn & Digesti LLP
1113 Adella Avenue, Suite 100
Coronado, CA 92118

Laurence P. Digesti
Law Offices of Laurence Peter Digesti
485 W. Fifth Street
Reno, NV 89503

3. I am familiar with Munger, Tolles & Olson LLP's practice for collection and processing correspondence for mailing with the United States Postal Service; in the ordinary course of business, correspondence placed in interoffice mail is deposited with the United States Postal Service with first class postage thereon fully prepaid on the same day it is placed for collection and mailing.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 20, 2007, at San Francisco, California.

_____
Julie W. Lunsford

3512010.1            - 1 -            PROOF OF SERVICE

Case 3:07-cv-04367-BZ   Document 1-4   Filed 08/23/2007   Page 8 of 14

EXHIBIT E

COPY

1  MARTIN D. BERN (SBN 153203)
   Martin.Bern@mto.com
2  MALCOLM A. HEINICKE (SBN 194174)
   Malcolm.Heinicke@mto.com
3  PAUL J. KATZ (SBN 243932)
   Paul.Katz@mto.com
4  MUNGER, TOLLES & OLSON LLP
   560 Mission Street
5  Twenty-Seventh Floor
   San Francisco, CA 94105-2907
6  Telephone:  (415) 512-4000
   Facsimile:  (415) 512-4077
7
   Attorneys for Defendant
8  GUARDSMARK, LLC

ENDORSED
FILED
San Francisco County Superior Court

AUG 2 2 2007

GORDON PARK-LI, Clerk
BY: _____

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                   CITY AND COUNTY OF SAN FRANCISCO

11                          UNLIMITED JURISDICTION

12

13 | JOEL ASSEKO, ALFREDO RITA, and          | CASE NO. CGC 07 - 463846
14 | ALEX SHPAK, individually and on behalf   |
   | of all others similarly situated,        | **ANSWER AND GENERAL DENIAL
   |                                          | OF DEFENDANT GUARDSMARK, LLC**
15 |              Plaintiff,                  |

16 |     vs.                                  |
                                              | Complaint Filed:  May 31, 2007
17 | GUARDSMARK GP, LLC,                      | Trial Date:       None Set
   | GUARDSMARK, LLC, GUARDSMARK,             |
18 | INC., GUARDSMARK HOLDINGS,               |
   | INC., and DOES 1-25,                     |
19 |                                          |
   |              Defendant.                  |
20

21

22         Defendant Guardsmark, LLC ("Guardsmark") hereby answers the unverified

23 Complaint (the "Complaint") of Plaintiffs Joel Asseko, Alfredo Rita, and Alex Shpak, on behalf

24 of themselves and a putative class ("Plaintiffs") as follows:

25

26

27

28

3487930.3                           - 1 -                    CASE NO. CGC 07 - 463846
            ANSWER AND GENERAL DENIAL OF DEFENDANT GUARDSMARK, LLC

## GENERAL DENIAL

Pursuant to Code of Civil Procedure § 431.30(d), Guardsmark denies generally and specifically each and every, all and singular, allegations of the unverified Complaint and further denies that Plaintiffs are entitled to any relief, including, without limitation, damages in any amount or at all. By filing this answer and general denial, Guardsmark does not concede that this action is not subject to federal jurisdiction, and specifically reserves the right to remove this action to federal court.

AS FOR ITS SEPARATE AND DISTINCT AFFIRMATIVE DEFENSES, DEFENDANT ALLEGES AS FOLLOWS:

### First Affirmative Defense

Each cause of action in the Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Each cause of action in the Complaint is barred and completely preempted by section 301 of the federal Labor Management Relations Act, 29 U.S.C. § 185(a).

### Third Affirmative Defense

Each cause of action in the Complaint is barred and subject to dismissal because of Plaintiffs' failure to exhaust the exclusive grievance procedures provided for in the collective bargaining agreement between the Service Employees International Union and Guardsmark.

### Fourth Affirmative Defense

Each cause of action in the Complaint is barred, in whole or in part, by the relevant statutes of limitations, including, but not limited to, the statute of limitations established by the Section 10(b) of the Labor Management Relations Act, 29 U.S.C. § 160(b), precedent interpreting the Labor Management Relations Act, Plaintiffs' express employment agreements, California Business and Professions Code Section 17208 and California Code of Civil Procedure sections 337, 338 & 340.

### Fifth Affirmative Defense

Each cause of action in the Complaint concerning an alleged breach of an express

1  or implied contractual term is barred by a lack of privity or mutuality and/or because Plaintiffs
2  were not parties to the alleged contracts.

### Sixth Affirmative Defense

Each cause of action in the Complaint is barred to the extent the employees in question were not covered by or subject to the alleged contracts.

### Seventh Affirmative Defense

To the extent Guardsmark engaged in any alleged wrongful conduct (which is not admitted), such conduct was not willful.

### Eighth Affirmative Defense

Guardsmark alleges that Plaintiffs are barred and precluded from any relief on his Complaint because they have failed and refused to mitigate their damages, if any.

### Ninth Affirmative Defense

Plaintiffs' complaint is not suitable for treatment as a class action.

### Tenth Affirmative Defense

Each cause of action in the Complaint is barred, in whole or in part, by unavailability of the damages or remedies requested.

### Eleventh Affirmative Defense

Each cause of action in the Complaint is barred because Plaintiffs have not suffered any injury or damage, and Guardsmark denies that it is liable to Plaintiffs for any injury or damage claimed or for any injury or damage whatsoever.

### Twelfth Affirmative Defense

Guardsmark alleges that to the extent Plaintiffs suffered injury or damage, which injury or damage Guardsmark denies, Plaintiffs' right to relief for such injury or damage is limited by the terms of the applicable agreements.

### Thirteenth Affirmative Defense

Guardsmark alleges that because it has fully performed its obligations under the applicable agreements in conformance with California Civil Code Section 1473, its obligations under said agreements are extinguished and Plaintiffs cannot seek relief arising from such

obligations.

### Fourteenth Affirmative Defense

Each cause of action in the Complaint is barred because Guardsmark's obligations under the applicable agreements are excused by the breach and/or nonperformance of other parties to said agreements.

### Fifteenth Affirmative Defense

Each cause of action in the Complaint is barred by the theory of accord and satisfaction.

### Sixteenth Affirmative Defense

Each cause of action in the Complaint is barred by the theory of novation.

### Seventeenth Affirmative Defense

Each cause of action in the Complaint is barred because Plaintiffs consented and/or ratified all acts and omissions about which they now complain.

### Eighteenth Affirmative Defense

Each cause of action in the Complaint is barred, in whole or in part, by the principles of estoppel, waiver, laches and/or unclean hands.

### Nineteenth Affirmative Defense

Plaintiffs' Complaint, in whole or in part, fails to state a claim because it seeks to assert claims for which there is no private right of action, and so Plaintiffs have no standing or right to assert these claims.

### Twentieth Affirmative Defense

Each claim for punitive damages or a penalty remedy is barred, in whole or in part, because the penalty sought is not commensurate with the harm suffered and thus violates the due process and excessive penalty protections provided Guardsmark by the state and federal constitutions.

### Twenty-First Affirmative Defense

Plaintiffs' purported claims for fraud and their purported punitive damages are barred, in whole or in part, by the doctrine of implied statutory preemption and the limitation of

3487930.3 - 4 - CASE NO. CGC 04428117

ANSWER AND GENERAL DENIAL OF DEFENDANT GUARDSMARK, LLC

1  remedies.

2  Further responding, Guardsmark states that it currently has insufficient knowledge
3  or information on which to form a belief as to whether it may have additional, as yet unstated,
4  affirmative defenses available. Guardsmark reserves the right to assert additional affirmative
5  defenses in the event that discovery indicates they would be appropriate.

6  Additionally, Guardsmark reserves the right to amend its answer if necessary.

7  WHEREFORE, Guardsmark prays as follows:

8      1.    That the Complaint, and each cause of action thereof, be dismissed with
9  prejudice;

10      2.    That Plaintiffs take nothing by the Complaint;

11      3.    That Guardsmark be awarded its costs incurred herein, including attorney's
12  fees as allowed by statute and contract, including without limitation California Labor Code 218.5;
13  and

14      4.    That the Court grant Guardsmark such other relief as it deems just and
15  proper.

17  DATED: August 22, 2007

MUNGER, TOLLES & OLSON LLP
MARTIN D. BERN
MALCOLM A. HEINICKE
PAUL J. KATZ

By: _____
MARTIN D. BERN

Attorneys for Defendant
GUARDSMARK, LLC

3487930.3      - 5 -      CASE NO. CGC 04428117

ANSWER AND GENERAL DENIAL OF DEFENDANT GUARDSMARK, LLC

**PROOF OF SERVICE BY U.S. MAIL**

I, Julie W. Lunsford, declare:

1. I am over the age of 18 and not a party to the within cause. I am employed by Munger, Tolles & Olson LLP in the City and County of San Francisco, State of California. My business address is 560 Mission Street, Twenty-Seventh Floor, San Francisco, California 94105-2907.

2. On August 22, 2007, I served a true copy of the attached document entitled **ANSWER AND GENERAL DENIAL OF DEFENDANT GUARDSMARK, LLC** by placing it in an addressed sealed envelope(s) clearly labeled to identify the person(s) being served at the address(es) shown below/set forth on the following service list and placed said envelope(s) in interoffice mail for collection and deposit with the United States Postal Service at 560 Mission Street, Twenty-Seventh Floor, San Francisco, California, on that same date, following ordinary business practices:

| | |
|---|---|
| Christopher R. Robyn | Laurence P. Digesti |
| Heinz Robyn & Digesti LLP | Law Offices of Laurence Peter Digesti |
| 1113 Adella Avenue, Suite 100 | 485 W. Fifth Street |
| Coronado, CA 92118 | Reno, NV 89503 |

3. I am familiar with Munger, Tolles & Olson LLP's practice for collection and processing correspondence for mailing with the United States Postal Service; in the ordinary course of business, correspondence placed in interoffice mail is deposited with the United States Postal Service with first class postage thereon fully prepaid on the same day it is placed for collection and mailing.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 22, 2007, at San Francisco, California.

Julie W. Lunsford

35120101                                  - 1 -                           PROOF OF SERVICE