CHRISTOPHER R. ROBYN, ESQ. (SBN 243149)
chris.robyn@hrdlaw.com
HEINTZ ROBYN & DIGESTI LLP
1113 Adella Avenue Suite 100
Coronado, California 92118
Phone: (800) 939-8533
Fax: (800) 939-8533

LAURENCE P. DIGESTI (SBN 74323)
digestilaw@aol.com
LAW OFFICES OF LAURENCE P. DIGESTI
485 W. Fifth Street
Reno, NV 89503
Phone: (775) 323-7797
Fax: (775) 323-5944

Attorneys for Plaintiffs JOEL ASSEKO, ALFREDO RITA and ALEX SHPAK, individually and on behalf of all others similarly situated

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| JOEL ASSEKO, ALFREDO RITA, and ALEX SHPAK, individually and on behalf of all others similarly situated,<br><br>             Plaintiffs,<br><br>     vs.<br><br>GUARDSMARK, LLC and DOES 1-25,<br>             Defendant | Case No.: C 07 4367 BZ<br><br>**NOTICE OF MOTION AND MOTION FOR ORDER REMANDING REMOVED ACTION TO STATE COURT**<br><br>Date of Hearing: 11/7/2007<br>Time of Hearing: 10:00 a.m.<br>Courtroom No. G |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Please take notice that on November 7, 2007 at 10:00 a.m., or as soon thereafter as counsel may be heard, Plaintiffs JOEL ASSEKO, ALFREDO RITA, and ALEX SHPAK (collectively "Plaintiffs") will move this Court, at the United States Courthouse, located at 450 Golden Gate Ave., San Francisco, CA 94102, Courtroom G, for an order, pursuant to 28 U.S.C. Section 1447(c), remanding this action to the Superior Court for the State of California, for the County of San Francisco, on the ground that the District Court is without jurisdiction over this action, as plead in Plaintiffs' First Amended Complaint.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

     This motion is based on this Notice of Motion and Motion, the accompanying declaration of Christopher R. Robyn, Esq., the accompanying Memorandum of Points and Authorities, and the pleadings on file in this action.

DATED: September 27th, 2007          HEINTZ ROBYN & DIGESTI LLP

                                  *Christopher R. Robyn, Esq.*

BY: _____

                    Christopher R. Robyn, Esq.
                    Attorney for Plaintiffs JOEL ASSEKO,
                    ALFREDO RITA, and ALEX SHPAK,
                    individually and on behalf of all others similarly
                    situated

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs respectfully request that this Court grant its Motion for Order Remanding Removed Action to State Court and issue an order, pursuant to 28 U.S.C. Section 1447(c), remanding this action to the Superior Court for the State of California, for the County of San Francisco ("Superior Court") on the ground that the District Court is without jurisdiction over this action, as plead in Plaintiffs' First Amended Complaint.

### I.
### RELEVANT FACTS

On May 31, 2007, Plaintiffs filed a class action complaint in the Superior Court of California, County of San Francisco on behalf of themselves, and all others similarly situated, against various Guardsmark entities (collectively "Defendant") alleging eight causes of action including violations of the California Labor Code, violations of the California Business & Professions Code, breach of a contract with the Department of General Services ("DGS"), breach of a contract with Service Employees International Union ("SEIU"), breach of the implied covenant of good faith and fair dealing and constructive fraud. (*See* Complaint, a true and correct copy of which is attached hereto as Exhibit A).

On August 23, 2007, Defendant filed a Notice of Removal and Removal Petition with this Court. (*See* Notice of Removal and Removal Petition ("Removal Petition"), a true and correct copy of which is attached hereto as Exhibit B). In the Removal Petition, Defendant argued that this Court had subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 29 U.S.C. § 185(a). (*Id.* at p. 2, ¶ 5). Specifically, Defendant argued that this Court had jurisdiction over the action because "Plaintiffs' third through eighth causes of action . . . are either 'based directly on rights created by a collective bargaining agreement' ("CBA") or 'substantially dependent on an interpretation' of such an agreement." (*Id.* at p. 2, ¶ 7, lines 25-28).

On September 26, 2007, Defendant stipulated to Plaintiffs request to file a First Amended Complaint. (*See* Stipulation to First Amended Complaint ("Stipulation"), a true and correct copy of which is attached hereto as Exhibit C). Filed concurrently with Plaintiffs'

Motion for Order Remanding Removed Action to State Court (the "Motion") is Plaintiffs' First Amended Complaint. (First Amended Complaint, a true and correct copy of which is attached hereto as Exhibit D; *see also* Christopher Robyn Declaration ("Robyn Declaration") ¶ 6). However, Defendant declined to stipulate to this Motion. (Robyn Declaration ¶ 5).

Specifically, Plaintiffs seek to amend their complaint to dismiss Plaintiffs' Fourth Cause of Action (Breach of the DGS Contract re: Holiday Pay), Plaintiffs' Fifth Cause of Action (Breach of the CBA re: Holiday Pay), Plaintiffs' Sixth Cause of Action (Breach of the CBA re: Training Payment) and a portion of Plaintiffs' Seventh Cause of Action (Breach of Implied Covenant of Good Faith and Fair Dealing re: breaches of the CBA for Holiday Pay and Training Pay). (*See* Exhibit D, First Amended Complaint; *see also* Robyn Declaration, ¶ 7). The First, Second, Third, and Eighth causes of action in the original complaint are plead in the First Amended Complaint. (*See* Exhibit D, First Amended Complaint; *see also* Robyn Declaration, ¶ 7). No additional causes of action are plead in the First Amended Complaint. (*Compare* Exhibit A, Complaint and Exhibit D, First Amended Complaint; *see also* Robyn Declaration, ¶ 7).

## II.
## ARGUMENT

Section 301(a) of the Labor Management Relations Act (29 U.S.C. § 185(a)) ("LMRA") provides federal jurisdiction under 28 U.S.C. Section 1447(c) over "suits for violation of contracts between an employer and a labor organization in an industry affecting commerce." If Section 301 applies, it "completely preempts any state causes of action based on alleged violations of contracts between employers and labor organizations." *Ramirez v. Fox Television Station, Inc.*, 998 F.2d 743, 747 (9th Cir. 1993). Here, however, Plaintiffs' state law claims, as alleged in their First Amended Complaint, are not preempted by Section 301 because those claims do not allege, nor are those claims based upon, alleged violations of any contract between an employer and labor organization. Therefore, Section 301 is not implicated and this Court should remand the action to the Superior Court for lack of subject matter jurisdiction under 28 U.S.C. Section 1447(c).

**A. PLAINTIFFS' ACTION SHOULD BE REMANDED TO THE SUPERIOR COURT FOR LACK OF SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. SECTION 1447(C) BECAUSE SECTION 301 OF THE LMRA DOES NOT PREEMPT ANY CLAIM IN PLAINTIFFS' FIRST AMENDED COMPLAINT**

Plaintiffs' state law claims are not preempted by Section 301 of the LMRA for the following three reasons: (1) Plaintiffs' state law claims are independent of, and not directly created by, rights under any CBA; (2) Plaintiffs' state law claims are plainly based on state law and are not substantially dependent on an interpretation of any CBA; and (3) even if the Court finds that Plaintiffs' state law claims are directly based on, or require an interpretation of, any CBA, Plaintiffs' claims are not preempted because Section 301 does not permit parties to waive nonnegotiable state rights. Therefore, because Section 301 does not preempt Plaintiffs' state law claims, this Court should remand the case to Superior Court for lack of subject matter jurisdiction under 28 U.S.C. Section 1447(c).

**1. PLAINTIFFS' STATE LAW CLAIMS ARE NOT PREEMPTED BY SECTION 301 OF THE LMRA BECAUSE THOSE CLAIMS ARE INDEPENDENT OF, AND NOT DIRECTLY CREATED BY, RIGHTS UNDER ANY CBA**

"A claim brought in state court on the basis of a state-law right that is 'independent of rights under the [CBA],' will not be preempted[.]'" (*Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1077 (9th Cir. 2004) (quoting *Livadas v. Bradshaw*, 512 U.S. 107, 123 (1994)). Additionally, state law causes of action are not preempted by section 301 unless they "are based on rights created by the [CBA]." (*Aguilera v. Pirelli Armstrong Tire Corp.*, 223 F.3d 1010, 1014 (9th Cir. 2000)).

Plaintiffs' state law claims are not preempted by Section 301 of the LMRA because those claims are independent of, and not directly created by, rights under any CBA (*See* CBA, a true and correct copy of which is attached hereto as Exhibit E). Plaintiffs' claims derive directly from two sources that are completely independent of any CBA. First, Defendant is required by California Government Code Section 19134 ("Section 19134") to provide benefits and/or cash-in-lieu benefits at a level established by the California Department of Personnel Administration ("DPA") (*See* Section 19134) ("Personal services contracts entered into by a state agency in

1  accordance with Section 19130 for persons providing...security guard services shall include
2  provisions for employee wages and benefits that are valued at least 85 percent of the state
3  employer cost of wages and benefits provided to state employees for performing similar
4  duties"). Second, Defendant is contractually required to provide benefits and/or cash-in-lieu
5  benefits at a level established by the DPA. (*See* the Contracts between DGS and Defendant,
6  attached to First Amended Complaint as Exhibits 1, 2 and 3).

7  Moreover, the CBA between Plaintiffs and Defendant does not address Section 19134
8  benefits. Because the CBA upon which Defendant relies is silent as to Section 19134 benefits,
9  Plaintiffs' state law claims cannot be based directly on rights created by the CBA. (*Kline v. Sec.*
10 *Guards, Inc.*, 386 F.3d 246 (3rd Cir. 2004) (stating that the mere fact that the court had to look to
11 the CBA to determine that the CBA was silent on employee's state law claims did not mean that
12 the court had interpreted the CBA)).

13 Accordingly, Defendant's duty to provide mandatory Section 19134 benefits arises
14 independently of the CBA that Defendant references in support of its preemption argument.
15 Because Plaintiffs' claims are independent of rights provided under any CBA, Section 301 of
16 the LMRA does not preempt Plaintiffs' claims.

17 **2. PLAINTIFFS' STATE LAW CLAIMS ARE NOT PREEMPTED BY**
18 **SECTION 301 OF THE LMRA BECAUSE THOSE CLAIMS ARE PLAINLY**
   **BASED ON STATE LAW AND ARE NOT SUBSTANTIALLY DEPENDENT**
19 **ON AN INTERPRETATION OF THE CBA.**

20 "If a claim is plainly based on state law, § 301 pre-emption is not mandated simply
21 because the defendant refers to the CBA in mounting a defense." (*Valles*, 410 F.3d at 1077).
22 Additionally, state law causes of action are not preempted by Section 301 unless they "are
23 substantially dependent on an interpretation of a [CBA]." (*Aguilera*, 223 F.3d at 1014).

24 First, Plaintiffs' claims are plainly based on state law. Plaintiffs' claims, as indicated
25 above, derive directly from statutory law and the contractual relationship between DGS and
26 Defendant, wherein Defendant is required to provide mandatory Section 19134 benefits. (*See*
27 Contracts between DGS and Defendant attached to the First Amended Complaint as Exhibits 1,
28 2 and 3). Defendant's reference to a CBA is purely a defensive measure designed to avoid

liability and therefore, Plaintiffs' plainly stated state law claims are not preempted by Section 301. (*See Valles*, 410 F.3d at 1077).

Second, Section 301 does not preempt Plaintiffs' state law claims because such claims are not substantially dependent on an interpretation of a CBA. Plaintiffs' claims, which Defendant alleges are preempted, do not implicate or reference any provision of a CBA. (*See* Exhibit E, the CBA). While the Court may deem it necessary to consult the CBA to make this determination, such reference does not constitute an interpretation of the CBA. (*See Valles*, 410 F.3d at 1077 (quoting *Associated Builders & Contrs. v. Local 302 IBEW*, 109 F.3d 1353, 1357 (9th Cir. 1997)) ("not every claim which requires a court to refer to the language of a [CBA] is necessarily preempted.")). Therefore, merely consulting a CBA does not rise to the level of substantial dependence on an interpretation of a CBA.

As stated above, Plaintiffs' state law claims are plainly based on state law and are not substantially dependent on an interpretation of the CBA. Therefore, Section 301 does not preempt Plaintiffs' state law claims.

## 3. EVEN IF THE COURT FINDS THAT PLAINTIFFS' STATE LAW CLAIMS ARE DIRECTLY BASED ON, OR REQUIRE AN INTERPRETATION OF, A CBA, PLAINTIFFS' CLAIMS ARE NOT PREEMPTED BECAUSE SECTION 301 DOES NOT PERMIT PARTIES TO WAIVE NONNEGOTIABLE STATE RIGHTS

"The Supreme Court has repeatedly admonished that § 301 preemption is not designed to trump substantive and mandatory state law regulation of the employee-employer relationship; § 301 has not become a 'mighty oak' that might supply cover to employers from all substantive aspects of state law." (*Valles,* 410 F.3d at 1077 (quoting *Humble v. Boeing Co.,* 305 F.3d 1004, 1007 (9th Cir. 2002)). "In particular, the [Supreme] Court has sought to [preserve] state authority in areas involving minimum labor standards. As the [Supreme] Court wrote in *Livadas*, '§ 301 cannot be read broadly to pre-empt nonnegotiable rights conferred on individual employees as a matter of state law.'" (*Valles*, 410 F.3d at 1077 (quoting *Lividas v. Bradshaw*, 512 U.S. 107, 123 (1994)). Therefore, "'§ 301 does not permit parties to waive, in a [CBA],

nonnegotiable state rights' conferred on individual employees." (*Valles*, 410 F.3d at 1077 (quoting *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1111 (9th Cir. 2000)).

Section 19134 does not provide for modification, waiver, or deviation from mandatory benefits regardless of whether one is a party to a CBA. State law mandates that employers contracting with state agencies must provide Section 19134 benefits. (*See* Section 19134(a)) (stating "security guard services *shall* include provisions for employee wages and benefits . . . valued at least 85 percent of state employer costs) (emphasis added). By its terms, Section 19134's language is mandatory. (*Lopez v. Davis*, 531 U.S. 230, 241 (2001) (noting Congress' "use of a mandatory 'shall' . . . to impose discretionless obligations"); (*see also Lexicon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 35 (1998) ("The mandatory 'shall' . . . normally creates an obligation impervious to judicial discretion"); (*see also Association of Civil Technicians v. FLRA*, 22 F.3d 1150, 1153 (CADC 1994) ("The word 'shall' generally indicates a command that admits of no discretion on the part of the person instructed to carry out the directive") Therefore, Plaintiffs' mandatory Section 19134 benefits cannot be negotiated away or controlled by the provisions of any CBA.

Section 301 does not preempt Plaintiffs' state law claims because Section 19134 is a nonnegotiable state right conferred on Plaintiffs as a matter of law.

## 4. BECAUSE SECTION 301 DOES NOT PREEMPT PLAINTIFFS' STATE LAW CLAIMS, THE COURT SHOULD REMAND THE CASE TO SUPERIOR COURT FOR LACK OF SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. § 1447(C)

Plaintiffs' state law claims are not preempted by Section 301 of the LMRA for the following three reasons: (1) Plaintiffs' state law claims are independent of, and not directly created by, rights under any CBA; (2) Plaintiffs' state law claims are plainly based on state law and are not substantially dependent on an interpretation of any CBA; and (3) even if the Court finds that Plaintiffs' state law claims are directly based on, or require an interpretation of, a CBA, Plaintiffs' claims are not preempted because Section 301 does not permit parties to waive nonnegotiable state rights. Therefore, this Court should remand the case to Superior Court for

lack of subject matter jurisdiction under 28 U.S.C. § 1447(c) because Section 301 does not preempt Plaintiffs' state law claims.

**B.  DEFENDANT'S RELIANCE ON *AGUILERA* TO SUPPORT ITS ARGUMENT THAT SECTION 301 PREEMPTS ALL OF PLAINTIFFS' STATE LAW CLAIMS IS MISPLACED AND SHOULD BE DISREGARDED**

In its Removal Petition, Defendant argues that all of Plaintiffs' claims, as alleged in their original complaint, are preempted by Section 301 or are subject to this Court's supplemental jurisdiction. (*See* Exhibit B, Removal Petition. Plaintiffs amended their complaint to remove those claims that were potentially preempted by Section 301. To the extent Defendant's arguments in its Removal Petition applies to Plaintiffs' First Amended Complaint, those arguments are misplaced for the reasons stated below.

Defendant alleges that each of Plaintiffs' third through eighth causes of action are completely preempted by Section 301 because they are either "based directly on rights created by a collective bargaining agreement" or "substantially dependent on an interpretation" of such an agreement. (Exhibit B, Removal Petition, p. 2, ¶ 7, lines 25-28). Specifically, Defendant states that Plaintiffs' causes of action that seek to enforce rights explicitly created by a CBA are preempted. (*Id.* at p. 3, ¶ 7(a), lines 2-17). However, Plaintiffs, in their First Amended Complaint, have removed any claims potentially dependent upon reference to rights created by a CBA and therefore, this issue is moot.

Additionally, Defendant states that Plaintiffs causes of action seeking state law remedies for breaches of contracts between Defendant and DGS are also preempted because they are "potentially enforceable only as part of the CBA." (Exhibit B, Removal Petition, pp. 3-4, ¶ 7(b), lines 18-8). Defendant, relying on *Aguilera*, argues that because Plaintiffs employment positions are covered by the CBA, Plaintiffs may only seek to enforce the contracts between Defendant and DGS to the extent those contracts are incorporated into the CBA. (*Id.*) Therefore, the CBA controls and Plaintiffs claims based on the contracts between Defendant and DGS are preempted. (*Id.*).

However, Defendant's argument is in error because the argument's key premise is misplaced. Plaintiffs' state law claims, as detailed in Sections A(1)-(3) above, involve rights

that derive directly from two sources that are not "independent employment agreements" as Defendant argues. First, Plaintiffs' Section 19134 claims derive from mandatory state law that cannot be waived or modified and requires no reference to, enforcement through, or substantial dependence on, an interpretation of a CBA to resolve Plaintiffs' claims. Second, the contract between DGS and Defendant is not an "independent employment agreement" that is only effective as to the extent of its inclusion into a CBA. Conversely, the contract between DGS and Defendant is a personal services contract by and between DGS and Defendant and *not* an independent employment agreement by and between Defendant and Plaintiffs. (*See* Gov. Code Section 19130, *et. al.*)

Additionally, Defendant's reliance on *Aguilera* does not withstand close scrutiny. In *Aguilera*, the employees were replacement workers hired during a strike. (*Aguilera*, 223 F.3d at 1012-13). The replacement workers were terminated at the end of the strike, and alleged that their termination was in violation of an employment agreement between them and the employer. (*Id.*) The Court found Section 301 preemption because the independent employment agreement between the individual replacement workers and the employer was subject to a CBA in which the replacement workers were signatories. (*Id.* at 1016). Thus, the CBA was controlling and Section 301 preemption was proper.

However, *Aguilera's* facts and holding are distinguishable from the instant case. Plaintiffs do not have an independent contract of employment with Defendant for which they seek enforcement. In *Aguilera*, the Court was required to interpret the CBA to determine if the CBA preempted the independent employment agreement between the Plaintiffs and Defendant. (*Aguilera*, 223 F.3d at 1015). Here, no independent employment agreement exists. There is, however, a personal services contract between DGS and Defendant that grants Plaintiffs certain nonnegotiable state law rights. Therefore, unlike *Aguilera*, the Court need not seek consult the CBA to determine the applicability of mandatory state law benefits.

Furthermore, Defendant argues that Plaintiffs' tort claim depends upon "the Court's interpretation of Defendant's duties under the CBA and is therefore preempted." (Exhibit B, Removal Petition, p. 4, ¶ 7(c), line 20). Again, Defendant's argument is in error. As stated

1   above, the CBA does not control Plaintiffs' mandatory state law benefits. As such, Defendant's
2   duties and/or obligations under section 19134 are not controlled by any CBA.

3       Accordingly, Section 301 does not preempt Plaintiffs' claims because neither the
4   personal services contracts between DGS and Defendant nor Defendant's tortuous conduct are
5   governed by the CBA.

### III.
### CONCLUSION

8       Plaintiffs respectfully request that this Court grant its Motion for Order Remanding
9   Removed Action to State Court and issue an order, pursuant to 28 U.S.C. Section 1447(c),
10  remanding this action to the Superior Court for the State of California, for the County of San
11  Francisco on the ground that the District Court is without jurisdiction over this action, as plead
12  in Plaintiffs' First Amended Complaint.

14  DATED: September 27th, 2007          HEINTZ ROBYN & DIGESTI LLP

16                                       *Christopher R. Robyn, Esq.*
                                    BY: _____
17                                       Christopher R. Robyn, ESQ.
                                         Attorney for Plaintiffs JOEL ASSEKO,
18                                       ALFREDO RITA, and ALEX SHPAK,
                                         individually and on behalf of all others similarly
19                                       situated