# EXHIBIT A

ENDORSED
FILED
San Francisco County Superior Court

MAY 3 1 2007

GORDON PARK-LI, Clerk
BY: BAUTISTA

NOV 2    2007  9:40 AM

DEPARTMENT 212

1   HEINTZ ROBYN & DIGESTI LLP
    CHRISTOPHER R. ROBYN (SBN 243149)
2   1113 Adella Avenue, Suite #100
    Coronado, CA 92118
3   Telephone: (800) 939-8533
    Fax: (800) 939-8533
4
    LAW OFFICES OF LAURENCE PETER DIGESTI
5   Laurence P. Digesti (SBN 74323)
    485 W. Fifth Street
6   Reno, NV 89503
    Telephone: (775) 323-7797
7   Fax: (775) 323-5944

8   Attorneys for Plaintiffs JOEL ASSEKO, ALFREDO RITA, and ALEX SHPAK, individually
9   and on behalf of all other similarly situated

10              SUPERIOR COURT FOR THE STATE OF CALIFORNIA

11          FOR THE COUNTY OF SAN FRANCISCO, UNLIMITED JURISDICTION

12

13   JOEL ASSEKO, ALFREDO RITA, and          )   Case No.: CGC07 - 463846
     ALEX SHPAK, individually and on behalf of )
14   all others similarly situated              )        CLASS ACTION
                                                )
15                   Plaintiff,                 )   COMPLAINT FOR VIOLATIONS OF:
                                                )   (1) CALIFORNIA LABOR CODE § 200
16                                              )       et seq.;
             vs.                                )   (2) BUSINESS & PROFESSIONS
17                                              )       CODE § 17200 et seq.;
     GUARDSMARK GP, LLC, GUARDSMARK )           (3) BREACH OF CONTRACT;
18   LLC, GUARDSMARK, INC.,                     )   (4) BREACH OF CONTRACT;
     GUARDSMARK HOLDINGS, INC., and            )   (5) BREACH OF CONTRACT;
19   DOES 1-25,                                 )   (6) BREACH OF CONTRACT;
                                                )   (7) BREACH OF IMPLIED
20                   Defendant                  )       COVENANT OF GOOD FAITH
                                                )       AND FAIR DEALING; AND
21                                              )   (8) CONSTRUCTIVE FRAUD

22   _____
                                                    DEMAND FOR JURY TRIAL
23

24                          UNLIMITED CIVIL CASE

25       On information and belief, PLAINTIFFS allege as follows:

26   ///

27   ///

28   ///

COMPLAINT - 1

**NATURE OF THE ACTION**

1.  This is a class action brought by JOEL ASSEKO, ALFREDO RITA, and ALEX SHPAK (hereinafter "PLAINTIFFS"), individually and on behalf of all persons similarly situated.

2.  This is an action against GUARDSMARK GP, LLC, GUARDSMARK LLC, GUARDSMARK, INC., GUARDSMARK HOLDINGS, INC., and DOES 1-25, (collectively "DEFENDANT" or "GUARDSMARK") for violations of Labor Code §§ 200 *et seq.* and Business & Professions Code §§ 17200 *et. seq.* Moreover, as third-party beneficiaries of any and all of DEFENDANT'S contracts with the California Department of General Services ("DGS"), an agency of the State of California, to provide private security services, and any and all of DEFENDANT'S contracts with the Service Employees International Union ("SEIU"), a public employee's union, PLAINTIFFS also allege a breach of said contracts.

3.  This action alleges that DEFENDANT failed to provide PLAINTIFFS, who perform work pursuant to a security guard services contract between DEFENDANT and DGS, benefits and/or cash-in-lieu payments at the level required under said contract and Government Code § 19134 ("Section 19134").

4.  Additionally, this action alleges that DEFENDANT failed to provide PLAINTIFFS, who perform work pursuant to a security guard services contract between DEFENDANT and DGS, holiday pay as required under said contract.

5.  Furthermore, this action alleges that DEFENDANT failed to provide PLAINTIFFS, who perform work pursuant to a security guard services contract between DEFENDANT and SEIU, holiday pay and wage payments for monthly training as required under said contract.

6.  As such, this action alleges the following causes of action:  (1) DEFENDANT has violated and continues to violate Labor Code § 200 *et seq.*, by failing to pay PLAINTIFFS their full wages, benefits, and/or cash-in-lieu when due; (2) DEFENDANT has engaged and continues to engage in unfair and unlawful business practices in violation of Business & Professions Code § 17200 *et. seq.*; (3) DEFENDANT has breached and continues to breach its

COMPLAINT - 2

contracts with DGS and SEIU; (4) DEFENDANT has breached and continues to breach the implied covenant of good faith and fair dealing; and (5) DEFENDANT has breached and continues to breach the duty owed to PLAINTIFFS resulting in constructive fraud.

7.      With these claims, PLAINTIFFS seek compensation for all unpaid or underpaid benefits and/or cash-in-lieu payments, holiday pay, wage payments for monthly training, plus interest, other damages as permitted by law, restitution of all benefits obtained by DEFENDANT from its unlawful business practices, punitive damages, a permanent injunction, other equitable relief permitted by law, and reasonable attorneys' fees and costs.

## PLAINTIFFS

8.      Plaintiff Joel Asseko is, and at all times pertinent herein was, a resident of California, County of Contra Costa and employed by DEFENDANT as a security guard at the State Building, San Francisco Civic Center Complex, located at 455 Golden Gate Ave., San Francisco, California since October 15, 2002.  Plaintiff Asseko brings this action on his own behalf and on behalf of all other persons similarly situated.

9.      Plaintiff Alfredo Rita is and at all times pertinent herein was a resident of California, County of San Mateo and employed by DEFENDANT as a security guard at the State Building, San Francisco Civic Center Complex, located at 455 Golden Gate Ave., San Francisco, California since November 2002.  Plaintiff Rita brings this action on his own behalf and on behalf of all other persons similarly situated.

10.     Plaintiff Alex Shpak is and at all times pertinent herein was a resident of California, County of San Francisco and employed by DEFENDANT as a security guard at the State Building, San Francisco Civic Center Complex, located at 455 Golden Gate Ave., San Francisco, California since August 2003.  Plaintiff Shpak brings this action on his own behalf and on behalf of all other persons similarly situated.

## DEFENDANTS

11.     PLAINTIFFS are ignorant of the true names and capacities of DEFENDANTS sued in this Complaint as DOES 1 through 25, inclusive, and therefore sue these DEFENDANTS by such fictitious names and capacities.  PLAINTIFFS will amend this complaint to allege DEFENDANTS true names and capacities when learned. PLAINTIFFS are

COMPLAINT - 3

informed and believe and thereon allege that each of the fictitiously named defendants is in breach of their contracts with DGS and SEIU or is tortiously or otherwise legally responsible in some manner for the occurrences alleged in the Complaint and for PLAINTIFFS' damages. PLAINTIFFS will amend this Complaint to allege such responsibility when the same shall have been ascertained.

12.    PLAINTIFFS are further informed and believe, and on that basis allege, that at all relevant times, each DEFENDANT, including DOES 1 through 25, inclusive, was the agent or employee and/or co-conspirator of one or more of the named DEFENDANTS, and in doing the things alleged, was acting within the scope of that agency or employment. PLAINTIFFS are further informed and believe, and on that basis allege, that some or all of the fictitiously-named DEFENDANTS aided and assisted the named DEFENDANT in committing the wrongful acts alleged in this Complaint, and that PLAINTIFFS' damages were legally caused by each such DEFENDANT.

## JURISDICTION AND VENUE

13.    This Court has jurisdiction over all causes of action herein pursuant to the California Constitution, Article VI, § 10, because this case is a cause not given by statute to other trial courts.

14.    This case is properly filed in Superior Court since it is a civil action wherein the relief sought is not of a type that may be granted in a limited civil case.

15.    Venue is proper in this Court because the unlawful acts alleged in this Complaint occurred and continue to occur in San Francisco County.

## FACTUAL ALLEGATIONS

I.    **Unpaid and/or Underpaid Benefits as per Section 19134**

16.    Section 19134 provides that "[p]ersonal services contracts entered into by a state agency . . . for persons providing . . . security guard services shall include provisions for employee wages and benefits that are valued at least 85 percent of the state employer cost of wages and benefits provided to state employees for performing similar duties." Gov. Code § 19134(a).

17.     Section 19134 requires the Department of Personnel Administration to establish annually the required wage and benefit costs for covered workers. Gov. Code § 19134(c).

18.     Section 19134 further provides that "[i]n lieu of providing actual benefits, contractors may comply with this section by a cash payment to employees equal to the applicable determination [by the Department of Personnel Administration] under [Section 19134(c)]." Gov. Code § 19134(d).

19.     Moreover, Section 19134 specifies that "[f]ailure to provide benefits or cash-in-lieu to employees as required under this section shall be deemed to be a material breach for any contract for personal services covered by this section." Gov. Code § 19134(e).

20.     Since 2001, DEFENDANT has entered into multiple written agreements ("the Contracts") with DGS to provide security guard services. The three Contracts that govern PLAINTIFFS' employment with DEFENDANT are provided as exhibits herein. The first contract ("Exhibit 1") covers the period from December 1, 2001 to November 30, 2004. (A true and correct copy of the pertinent provisions of this contract is attached hereto as Exhibit 1 and incorporated by this reference). The second contract ("Exhibit 2") covers the period from December 1, 2004 to March 31, 2005. (A true and correct copy of the pertinent provisions of this contract is attached hereto as Exhibit 2 and incorporated by this reference). The third contract ("Exhibit 3") covers the period from April 1, 2005 to March 31, 2008. (A true and correct copy of the pertinent provisions of this contract is attached hereto as Exhibit 3 and incorporated by this reference).

21.     The Contracts require DEFENDANT to provide security guard services at the following two locations: 350 McAllister Street, San Francisco, California and 455 Golden Gate Avenue, San Francisco, California.

22.     The Contracts expressly provide that "[p]ursuant to Government Code section 19134, contracts for security guard services must include provisions for employee benefits that are valued at least 85 percent of the state employer cost of benefits provided to state employees performing similar duties." (*See* Exhibits 1, 2 and 3). Additionally, the Contracts specify the "applicable benefit rates to be paid to Contractor's employees providing services under this contract" and defines "[e]mployees benefits" as "1) health, dental and vision benefits (either

COMPLAINT - 5

1    through a purchased plan or self insurance); 2) cash-in-lieu payments; or 3) a combination of
2    actual benefits and cash-in-lieu payments." (*See* Exhibits 1, 2, and 3). The Contracts further
3    provide that "[e]very employee performing covered services under this contract shall receive the
4    applicable rate corresponding to the employee's enrollment status (tier) [*See* Exhibit 1] and the
5    total number of hours such employee works (excluding overtime). There is no minimum
6    number of work hours required in order to qualify for section 19134 benefits." (*See* Exhibits 1,
7    2, and 3).

8        23.    The Contracts expressly state that "Contractor acknowledges that failure to
9    comply with the provisions of section 19134 will be deemed a material breach of this contract . .
10    . ." (*See* Exhibit 1, 2, and 3).

11        24.    DEFENDANT has consistently failed to pay, or disclose the manner of
12    calculation of, PLAINTIFFS' benefits and/or cash-in-lieu under the terms of Section 19134 and
13    DEFENDANT'S Contracts with DGS.

14        25.    The value of failed payments by DEFENDANT as per DEFENDANT'S
15    Contracts with DGS exceeds $25,000.

16        26.    DEFENDANT has consistently failed to provide any benefits and/or cash-in-lieu
17    payments at hourly rates that are equal to or greater than the rate required under Section 19134
18    to employees that perform security guard services pursuant to the Contracts with DGS.
19    DEFENDANT'S practice to this effect is on-going.

20    **II.**    **Unpaid and/or Underpaid Holiday Pay as per Contract With DGS**

21        27.    Section 3.14 of the California State Contracting Manual (wherein a true and
22    correct copy of the pertinent provisions of this contracting manual are attached hereto as Exhibit
23    4 and incorporated by this reference), of which DEFENDANT'S Contracts with DGS are
24    subject to, expressly states that "[security guard] services agreements . . . are required by statue
25    to assure that certain 'employee benefits' and wage levels are provided to the Contractor's
26    employees who perform the services of the agreement (covered employees)." State Contracting
27    Manual Section 3.14(A).

28

28.     Additionally, the State Contracting Manual defines the scope of "employee benefits" that must be provided by the Contractor wherein "Holiday Pay" is explicitly enumerated. State Contracting Manual Section 3.14(B).

29.     DEFENDANT'S Contracts with DGS explicitly provide a total of thirteen (13) observed State Holidays. (*See* Exhibits 1, 2, and 3).

30.     DEFENDANT has failed to pay and/or pay in full all Holiday Pay owed to PLAINTIFFS under the terms of DEFENDANTS contracts with DGS.  DEFENDANT'S practice to this effect is on-going.

**III.    Unpaid and/or Underpaid Holiday Pay as Per Contract With SEIU**

31.     DEFENDANT'S contract(s) with SEIU (a true and correct copy of the pertinent provisions of this agreement is attached hereto as Exhibit 5 and incorporated by this reference) expressly states that "all officers who are regularly scheduled to work [on the explicitly provided Holidays], but do not work due to their regular work location being closed, will be paid eight (8) hours regular straight-time pay." Exhibit 5.

32.     Additionally, DEFENDANT'S contract(s) with SEIU expressly states that "[w]ork performed on any holiday in paragraph 1 [of Article 14], shall be paid for at one and one-half (1 ½ ) times the basic hourly rate." Exhibit 5.

33.     DEFENDANT has failed to pay and/or pay in full all Holiday Pay owed to PLAINTIFFS under the terms of DEFENDANT'S contract(s) with SEIU.  DEFENDANT'S practice to this effect is on-going.

**IV.    Unpaid Wages for Mandated Training**

34.     DEFENDANT'S contract(s) with SEIU expressly states that "[e]mployees shall be paid at straight-time rate for all training required by the Employer or mandated by law." Exhibit 5.

35.     DEFENDANT, since 1998, has required PLAINTIFFS to complete two (2) hours of training each month.

36.     DEFENDANT has failed to pay and/or pay in full completed training owed to PLAINTIFFS under the terms of DEFENDANT'S contract(s) with SEIU.  DEFENDANT'S practice to this effect is on-going.

## CLASS ACTION ALLEGATIONS

37.    PLAINTIFFS bring this action on their own behalf and on behalf of all persons similarly situated.    The class that PLAINTIFFS represent is composed of any and all GUARDSMARK security guard employees currently working, or having previously worked within four years prior to the filing of this Complaint, to fulfill DEFENDANT'S contractual duties set out in any and all security guard services contracts between DEFENDANT and DGS and any and all security guard services contracts between DEFENDANT and SEIU.  This putative class will be referred to herein collectively as GUARDSMARK SECURITY GUARDS.

38.    The GUARDSMARK SECURITY GUARDS are so numerous that joinder of all such persons is impracticable and that the disposition of their claims in a class action, rather than in individual actions, will benefit the parties and the court.

39.    There is a well-defined community of interest in the questions of law involving and affecting GUARDSMARK SECURITY GUARDS in that DEFENDANT, on a class-wide basis, violated the same sections of the California Labor Code and Business & Professions Code, as well as breaching the same terms of DEFENDANT'S contracts with DGS and SEIU, and engaged in constructive fraud as to all members of the class.

40.    There is a well-defined community of interest in the questions of fact involving and affecting GUARDSMARK SECURITY GUARDS in that:

> a.    DEFENDANT has a uniform policy of promising to provide wages, benefits, and/or cash-in-lieu benefits;
>
> b.    DEFENDANT has a uniform policy of failing to pay all wages, benefits, and/or cash-in-lieu benefits due to similarly situated security guards;
>
> c.    DEFENDANT has a uniform policy of failing to pay holiday pay;
>
> d.    DEFENDANT has a uniform policy of failing to pay all wages for required and/or mandated training.

41.    These questions of law and fact predominate over questions that affect only individual class members.

42.    PLAINTIFFS' claims alleged herein are typical of those of the class that could be alleged by other similarly situated GUARDSMARK SECURITY GUARDS working for DEFENDANT pursuant to DEFENDANT'S contracts with DGS and SEIU in that DEFENDANT has and continues to engage in a pattern and practice of treating all similarly situated GUARDSMARK SECURITY GUARDS in the same fashion regarding the claims sought herein. Moreover, the relief sought is typical of the relief that would be sought by each of the similarly situated GUARDSMARK SECURITY GUARDS in separate actions.

43.    PLAINTIFFS, through their counsel, will fairly and adequately represent and protect the interests of the proposed class of employees.

44.    The prosecution of separate actions by individual GUARDSMARK SECURITY GUARDS would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the class, would establish incompatible standards of conduct for DEFENDANT, and would result in the impairment of rights of employees and the disposition of their interests through actions to which they were not parties.

45.    A single class action is superior to numerous individual actions as a means of adjudicating those claims.

### FIRST CAUSE OF ACTION

(By PLAINTIFFS for Failure to pay full wages when due under Cal. Labor Code §§ 200 *et. seq.* against DEFENDANT)

46.    PLAINTIFFS incorporate by reference, as though fully set forth, paragraphs 1-45.

47.    By failing to compensate employees, as required by Section 19134, as fully set forth above, DEFENDANT has violated and continues to violate Labor Code Section 204, which requires employers, including DEFENDANT, to pay their employees their full wages when due.

48.    By failing to compensate employees, as required by Section 19134, DEFENDANT has willfully failed to make timely payment of full wages due to its employees who quit or have been discharged, and thereby has violated Labor Code Sections 201 and 202.

49.   As a result of said violations, PLAINTIFFS have been damaged in an amount according to proof but exceeding $25,000.

**WHEREFORE,** PLAINTIFFS pray for judgment against DEFENDANT, and each of them, as more fully set forth below.

## SECOND CAUSE OF ACTION

(By PLAINTIFFS for Unfair/Unlawful Business Practices against DEFENDANT)

50.   PLAINTIFFS incorporate by reference, as though fully set forth, paragraphs 1-49.

51.   By engaging in the above-alleged business practices in violation of Section 19134 and Labor Code Section 201, 202, and 204, DEFENDANT has engaged and continues to engage in unfair and unlawful business acts and practices in violation of Business & Professions Code Section 17200 *et seq*.

52.   Unless enjoined, DEFENDANT will continue to engage in the unlawful and unfair business practices complained of herein.

53.   As a result of said business practices, PLAINTIFFS have been damaged in an amount according to proof but exceeding $25,000.

**WHEREFORE,** PLAINTIFFS pray for judgment against DEFENDANT, and each of them, as more fully set forth below.

## THIRD CAUSE OF ACTION

(By PLAINTIFFS for Breach of Contract against DEFENDANT)

54.   PLAINTIFFS incorporate by reference, as though fully set forth, paragraphs 1-53.

55.   PLAINTIFFS are informed and believe that DGS has performed all of its obligations and/or satisfied all conditions under the Contracts between DEFENDANT and DGS. Additionally, PLAINTIFFS are informed and believe that DEFENDANT is not excused from full performance of its duties under the Contracts.

56.   The Contracts between DEFENDANT and DGS are governed by Section 19134. Section 19134(a) provides that employees working under covered contracts shall be provided with "wages and benefits that are valued at least 85 percent of the state employer cost of wages

COMPLAINT - 10

1  and benefits provided to state employees for performing similar duties." Section 19134(e)
2  further provides that contractors shall be deemed in material breach if they fail "to provide
3  benefits or cash-in-lieu to employees as required under this section." As a condition of this
4  contract, DEFENDANT agreed to comply with Section 19134 and to provide its employees
5  who provide covered services with benefits and/or cash-in-lieu payments at the rates specified
6  in the contract.

7      57.    PLAINTIFFS are individuals who perform covered services pursuant to the
8  Contracts between DEFENDANT and DGS.    As such, PLAINTIFFS are third-party
9  beneficiaries of the Contracts between DEFENDANT and DGS.

10     58.    DEFENDANT has failed and refused, and continues to fail and continues to
11 refuse, to provide PLAINTIFFS, who perform services pursuant to DEFENDANT'S Contracts
12 with DGS, the benefits and/or cash-in-lieu required by (1) Section 19134 and (2)
13 DEFENDANT'S Contracts with DGS.    Consequently, DEFENDANT has breached the
14 Contracts without justification or excuse. As a result of said breach, PLAINTIFFS have been
15 damaged in an amount according to proof but exceeding $25,000. Specifically, the difference
16 between the amount paid by DEFENDANT to PLAINTIFFS and the amount owed to
17 PLAINTIFFS as required by (1) Section 19134 and (2) DEFENDANT'S Contracts with DGS is
18 due and payable under the Contracts.

19     **WHEREFORE,** PLAINTIFFS pray for judgment against DEFENDANT, and each of
20 them, as more fully set forth below.

21                     **FOURTH CAUSE OF ACTION**

22             (By PLAINTIFFS for Breach of Contract against DEFENDANT)

23     59.    PLAINTIFFS incorporate by reference, as though fully set forth, paragraphs 1-
24 58.

25     60.    The Contracts between DEFENDANT and DGS are subject to Section 3.14 of
26 the State Contracting Manual which expressly states that "[security guard] services agreements .
27 . . are required by statue to assure that certain 'employee benefits' and wage levels are provided
28 to the Contractor's employees who perform the services of the agreement (covered
   employees)." Exhibit 4.

                          COMPLAINT - 11

61.     The State Contracting Manual defines the scope of "employee benefits" that must be provided by the Contractor wherein "Holiday Pay" is explicitly enumerated. Exhibit 4.

62.     DEFENDANT'S Contracts with DGS explicitly provide a total of thirteen (13) observed State Holidays. (*See* Exhibits 1, 2, and 3).

63.     DEFENDANT has failed and refused, and continues to fail and continues to refuse, to pay or pay in full PLAINTIFFS, who perform services pursuant to DEFENDANT'S Contracts with DGS, the Holiday Pay required by (1) DEFENDANT'S Contracts with DGS, and (2) the State Contracting Manual. Consequently, DEFENDANT has breached the Contracts without justification or excuse. As a result of said breach, PLAINTIFFS have been damaged in an amount according to proof but exceeding $25,000. Specifically, the difference between the amount paid by DEFENDANT to PLAINTIFFS and the amount owed to PLAINTIFFS as required by (1) DEFENDANT'S Contracts with DGS, and (2) the State Contracting Manual is due and payable under the Contracts.

**WHEREFORE**, PLAINTIFFS pray for judgment against DEFENDANT, and each of them, as more fully set forth below.

### FIFTH CAUSE OF ACTION

(By PLAINTIFFS for Breach of Contract against DEFENDANT)

64.     PLAINTIFFS incorporate by reference, as though fully set forth, paragraphs 1-63.

65.     PLAINTIFFS are informed and believe that SEIU has performed all of its obligations and/or satisfied all conditions under the contract(s) between DEFENDANT and SEIU. Additionally, PLAINTIFFS are informed and believe that DEFENDANT is not excused from full performance of its duties under the contract(s).

66.     PLAINTIFFS are individuals who perform covered services pursuant to the contract(s) between DEFENDANT and SEIU.   As such, PLAINTIFFS are third-party beneficiaries of the contract(s) between DEFENDANT and SEIU.

67.     The contract(s) between DEFENDANT and SEIU expressly state that "all officers who are regularly scheduled to work [on the explicitly provided Holidays], but do not

work due to their regular work location being closed, will be paid eight (8) hours regular straight-time pay." Exhibit 5.

68. Additionally, DEFENDANT'S contract(s) with SEIU expressly states that "[w]ork performed on any holiday in paragraph 1 [of Article 14], shall be paid for at one and one-half (1 ½ ) times the basic hourly rate." Exhibit 5.

69. DEFENDANT has failed and refused, and continues to fail and continues to refuse, to pay or pay in full employees, who perform services pursuant to DEFENDANT'S contract(s) with SEIU, the Holiday Pay required by DEFENDANT'S contract(s) with SEIU. Consequently, DEFENDANT has breached the contract(s) without justification or excuse. As a result of said breach, PLAINTIFFS have been damaged in an amount according to proof but exceeding $25,000. Specifically, the difference between the amount paid by DEFENDANT to PLAINTIFFS and the amount owed to PLAINTIFFS as required by DEFENDANT'S contract(s) with SEIU is due and payable under the contract(s).

**WHEREFORE,** PLAINTIFFS pray for judgment against DEFENDANT, and each of them, as more fully set forth below.

### SIXTH CAUSE OF ACTION

(By PLAINTIFFS for Breach of Contract against DEFENDANT)

70. PLAINTIFFS incorporate by reference, as though fully set forth, paragraphs 1-69.

71. DEFENDANT'S contract(s) with SEIU expressly states that "[e]mployees shall be paid at straight-time rate for all training required by the Employer or mandated by law." Exhibit 5.

72. DEFENDANT requires PLAINTIFFS to complete two (2) hours of training each month. PLAINTIFFS are required to fulfill this training by completing written training workbooks called "Green Forms." Upon completion of the Green Forms, DEFENDANT is obligated, under the terms of its contract(s) with SEIU, to pay PLAINTIFFS for two hours of training, which is to be paid, in addition to, the regular wage and benefit payments on their bi-weekly paychecks, on a once a month basis.

73.    DEFENDANT has failed and refused, and continues to fail and continues to refuse, to pay or pay in full employees, who perform services pursuant to DEFENDANT'S contract(s) with SEIU, the two hours per month training wage required by DEFENDANT'S contract(s) with SEIU.  Consequently, DEFENDANT has breached the contract(s) without justification or excuse.  As a result of said breach, PLAINTIFFS have been damaged in an amount according to proof but exceeding $25,000.  Specifically, the difference between the amount paid by DEFENDANT to PLAINTIFFS and the amount owed to PLAINTIFFS as required by DEFENDANT'S contract(s) with SEIU is due and payable under the contract(s).

**WHEREFORE**, PLAINTIFFS pray for judgment against DEFENDANT, and each of them, as more fully set forth below.

## SEVENTH CAUSE OF ACTION

(By PLAINTIFFS for Breach of Implied Covenant of Good Faith and Fair Dealing against DEFENDANT)

74.    PLAINTIFFS incorporate by reference, as though fully set forth, paragraphs 1-73.

75.    As a party to the DGS and SEIU contracts, DEFENDANT had a duty to do everything that the contracts obligated the DEFENDANT to do to accomplish the contracts' purpose, including payment to PLAINTIFFS of benefits and/or cash-in-lieu, holiday pay, and payments for training.

76.    DEFENDANT breached the implied covenant of good faith and fair dealing by failing to cooperate with PLAINTIFFS in the performance of the contracts, including DEFENDANT'S continuing failure to pay PLAINTIFFS the benefits and/or cash-in-lieu, holiday pay, and payments for training.

77.    As a result of said breach, PLAINTIFFS have been damaged in an amount according to proof but exceeding $25,000.

**WHEREFORE**, PLAINTIFFS pray for judgment against DEFENDANT, and each of them, as more fully set forth below.

///

///

COMPLAINT - 14

## EIGHTH CAUSE OF ACTION

(By PLAINTIFFS for Constructive Fraud against DEFENDANT)

78.    PLAINTIFF incorporates by reference, as though fully set forth, paragraphs 1 - 77.

79.    Based upon the particular duties that arise under DEFENDANT'S Contracts with DGS, a special and/or fiduciary relationship exists between PLAINTIFFS and DEFENDANT.

80.    By continually failing to pay and disclose an explanation and manner of calculation of PLAINTIFFS' benefits and/or cash-in-lieu under the terms of Section 19134 and DEFENDANT'S Contracts with DGS, DEFENDANT has breached its special and/or fiduciary relationship with PLAINTIFFS.

81.    DEFENDANT'S failure to pay benefits and/or cash-in-lieu and disclose an explanation and manner of calculation of said benefits resulted in a financial and informational business advantage over PLAINTIFFS.

82.    PLAINTIFFS justifiably relied upon the representation by DEFENDANT that PLAINTIFFS would be paid their full wages, benefits and/or cash-in-lieu consistent with the terms and conditions of the Contracts.

83.    As a result of DEFENDANT'S fraudulent conduct, PLAINTIFFS have been damaged in an amount according to proof but exceeding $25,000.

84.    Additionally, because of DEFENDANT'S ongoing fraudulent conduct, PLAINTIFFS pray for punitive damages in an amount to be determined by the Court.

**WHEREFORE,** PLAINTIFFS pray for judgment against DEFENDANT, and each of them, as more fully set forth below.

## JURY TRIAL DEMAND

PLAINTIFFS hereby demand a jury trial on all issues as to which a jury trial is available.

///

///

///

COMPLAINT - 15

## PRAYER FOR RELIEF

**WHEREFORE**, PLAINTIFFS pray for the following relief:

1.  A permanent injunction requiring DEFENDANT to cease and desist from engaging in the unlawful conduct and unfair business practices complained of above;

2.  A monetary award for back pay and/or restitution to PLAINTIFFS of the difference between the amount paid to PLAINTIFFS and the amount owed under Section 19134 and/or DEFENDANT'S Contracts with DGS, in an amount to be established by proof at trial but believed to exceed of $25,000;

3.  A monetary award for back pay and/or restitution to PLAINTIFFS of the difference between the amount paid to PLAINTIFFS and the amount owed under DEFENDANT'S contracts with SEIU, in an amount to be established by proof at trial but believed to exceed of $25,000;

4.  Waiting time penalties on monies due upon termination to employees who quit or have been discharged, as provided for by Labor Code Section 203, Section 218, and Section 2699;

5.  Penalties for failure to pay employees their full wages when due, as provided for by Labor Code Section 210, Section 218, and Section 2699;

6.  Punitive damages as may be determined by this Court;

7.  All other appropriate equitable relief authorized by Business & Professions Code Section 17203;

8.  Prejudgment interest on all sums awarded at the rate of ten percent (10%) per annum from the date each wage payment was due to the date of judgment herein, pursuant to Labor Code Section 218.6 and Civil Code Section 3289;

///
///
///
///

COMPLAINT - 16

9.    Attorney's fees, statutory costs and litigation expenses in an amount the Court determines to be reasonable, pursuant to Labor Code Section 218.5, Section 2699 and/or Code of Civil Procedure Section 1021.5;

10.    Such other and further relief as is equitable, just, and proper.

DATED: May 22st, 2007                                     HEINTZ ROBYN & DIGESTI LLP

BY: _____
CHRISTOPHER R. ROBYN
Attorneys for Plaintiff

COMPLAINT - 17