# EXHIBIT D

1  CHRISTOPHER R. ROBYN, ESQ. (SBN 243149)
   chris.robyn@hrdlaw.com
2  HEINTZ ROBYN & DIGESTI LLP
   1113 Adella Avenue, Suite 100
3  Coronado, CA 92118
   Phone: (800) 939-8533
4  Fax: (800) 939-8533

5  LAURENCE P. DIGESTI (SBN 74323)
   digestilaw@aol.com
6  LAW OFFICES OF LAURENCE P. DIGESTI
   485 W. Fifth Street
7  Reno, NV 89503
   Phone: (775) 323-7797
8  Fax: (775) 323-5944

9  Attorneys for Plaintiffs JOEL ASSEKO, ALFREDO RITA and ALEX SHPAK, individually and on behalf of all others similarly situated

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| JOEL ASSEKO, ALFREDO RITA, and ALEX SHPAK, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> GUARDSMARK GP, LLC, GUARDSMARK LLC, GUARDSMARK, INC., GUARDSMARK HOLDINGS, INC., and DOES 1-25, <br><br> Defendants. | Case No.: C 07 4367 BZ <br><br> **STIPULATION AND [PROPOSED] ORDER FOR FILING OF FIRST AMENDED COMPLAINT** |

WHEREAS, JOEL ASSEKO, ALFREDO RITA, and ALEX SHPAK (collectively "Plaintiffs"), and Defendant GUARDSMARK, LLC stipulate and consent, in writing, within the meaning of Rule 15(a) of the Federal Rules of Civil Procedure ("FRCP"),

STIPULATION AND [PROPOSED] ORDER FOR FILING OF FIRST AMENDED COMPLAINT
CASE NO. C 07 4367
1

3653080.1

1  that Plaintiffs may file the First Amended Complaint in this action that is attached to this
2  Stipulation as Exhibit A.
3        WHEREAS, the parties further stipulate to the following:
4        1.    Defendant's stipulation to the filing of the First Amended Complaint is
5             not a concession of any kind with respect to the merits of the case or the
6             propriety of class certification; and
7        2.    Defendant shall have thirty (30) days from the filing of the First
8             Amended Complaint to respond to the amended complaint.

DATED: September 27, 2007

_/s/ CR_____

CHRISTOPHER R. ROBYN, ESQ.
Attorney for Plaintiffs JOEL ASSEKO,
ALFREDO RITA, and ALEX SHPAK,
individually and on behalf of all others
similarly situated

DATED: September 18, 2007

_/s/ MB_____

MARTIN D. BERN, ESQ.
Attorney for Defendant GUARDSMARK,
LLC

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT COURT MAGISTRATE

STIPULATION AND [PROPOSED] ORDER FOR FILING OF FIRST AMENDED COMPLAINT
CASE NO. C 07 4367
2

3653080.1

CHRISTOPHER R. ROBYN, ESQ. (SBN 243149)
chris.robyn@hrdlaw.com
HEINTZ ROBYN & DIGESTI LLP
1113 Adella Avenue, Suite 100
Coronado, CA 92118
Phone: (800) 939-8533
Fax: (800) 939-8533

LAURENCE P. DIGESTI (SBN 74323)
digestilaw@aol.com
LAW OFFICES OF LAURENCE P. DIGESTI
485 W. Fifth Street
Reno, NV 89503
Phone: (775) 323-7797
Fax: (775) 323-5944

Attorneys for Plaintiffs JOEL ASSEKO, ALFREDO RITA and ALEX SHPAK, individually and on behalf of all others similarly situated

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO/OAKLAND DIVISION**

| | |
|---|---|
| JOEL ASSEKO, ALFREDO RITA, and ALEX SHPAK, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GUARDSMARK LLC and DOES 1-25,<br><br>Defendants. | Case No.: C 07 4367 BZ<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>(1) **VIOLATIONS OF CALIFORNIA LABOR CODE § 200** *et seq.*;<br>(2) **VIOLATIONS OF BUSINESS & PROFESSIONS CODE § 17200** *et seq.*;<br>(3) **BREACH OF CONTRACT**;<br>(4) **BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**; and<br>(5) **CONSTRUCTIVE FRAUD**<br><br>**CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

UNLIMITED CIVIL CASE

On information and belief, PLAINTIFFS allege as follows:

///

FIRST AMENDED COMPLAINT
CASE NO. C 07 4367
1

## NATURE OF THE ACTION

1. This is a class action brought by JOEL ASSEKO, ALFREDO RITA and ALEX SHPAK (hereinafter "PLAINTIFFS"), individually and on behalf of all persons similarly situated.

2. This class action is brought against GUARDSMARK LLC and DOES 1-25, (collectively "DEFENDANT" or "GUARDSMARK") for violations of Labor Code §§ 200 *et. seq.* and Business & Professions Code §§ 17200 *et. seq.* Moreover, as beneficiaries of any and all of DEFENDANT'S contracts with the California Department of General Services ("DGS") to provide private security services, PLAINTIFFS also allege a breach of said contracts.

3. This action alleges that DEFENDANT failed to provide PLAINTIFFS, who perform work pursuant to a security guard services contract between DEFENDANT and DGS, benefits and/or cash-in-lieu payments at the level required under said contract and Government Code § 19134 ("Section 19134").

4. As such, this action alleges the following causes of action: (1) DEFENDANT has violated and continues to violate Labor Code § 200 *et. seq.* by failing to pay PLAINTIFFS their full wages, benefits and/or cash-in-lieu when due; (2) DEFENDANT has engaged and continues to engage in unfair and unlawful business practices in violation of California Business & Professions Code § 17200 *et. seq.*; (3) DEFENDANT has breached and continues to breach its contracts with DGS; (4) DEFENDANT has breached and continues to breach the implied covenant of good faith and fair dealing; and (5) DEFENDANT has breached and continues to breach its duty owed to PLAINTIFFS resulting in constructive fraud.

5. Through these exclusively state and common law causes of action, PLAINTIFFS seek compensation for all unpaid or underpaid wages, benefits and/or cash-in-lieu, plus interest, other damages as permitted by law, restitution of all benefits obtained by DEFENDANT from its unlawful business practices, punitive damages, a permanent injunction, other equitable relief permitted by law and reasonable attorney's fees and costs.

///

///

## PLAINTIFFS

6.  Plaintiff JOEL ASSEKO is, and at all times pertinent herein was, a resident of California, County of Contra Costa and employed by DEFENDANT as a security guard at the State Building, San Francisco Civic Center Complex, located at 455 Golden Gate Ave., San Francisco, California since October 15, 2002. Plaintiff ASSEKO brings this action on his own behalf and on behalf of all other persons similarly situated.

7.  Plaintiff ALFREDO RITA is, and at all times pertinent herein was, a resident of California, County of San Mateo and employed by DEFENDANT as a security guard at the State Building, San Francisco Civic Center Complex, located at 455 Golden Gate Ave., San Francisco, California since November 2002. Plaintiff RITA brings this action on his own behalf and on behalf of all other persons similarly situated.

8.  Plaintiff ALEX SHPAK is, and at all times pertinent herein was, a resident of California, County of San Francisco and employed by DEFENDANT as a security guard at the State Building, San Francisco Civic Center Complex, located at 455 Golden Gate Ave., San Francisco, California since August 2003. Plaintiff SHPAK brings this action on his own behalf and on behalf of all other persons similarly situated.

## DEFENDANTS

9.  PLAINTIFFS are ignorant of the true names and capacities of DEFENDANTS sued in this First Amended Complaint as DOES 1 through 25, inclusive, and therefore sue these DEFENDANTS by such fictitious names and capacities. PLAINTIFFS will amend this complaint to allege DEFENDANTS true names and capacities when learned. PLAINTIFFS are informed and believe and thereon allege that each of the fictitiously named DEFENDANTS is in breach of their contracts with DGS and/or is tortiously or otherwise legally responsible in some manner for the occurrences alleged in this First Amended Complaint and for PLAINTIFFS' damages. PLAINTIFFS will amend this First Amended Complaint to allege such responsibility when the same shall have been learned.

10. PLAINTIFFS are further informed and believe, and on that basis allege, that at all relevant times, each DEFENDANT, including DOES 1 through 25, inclusive, was the agent

or employee and/or co-conspirator of one or more of the named DEFENDANTS, and in doing the things alleged, was acting within the scope of that agency or employment. PLAINTIFFS are further informed and believe, and on that basis allege, that some or all of the fictitiously-named DEFENDANTS aided and assisted the named DEFENDANT in committing the wrongful acts alleged in this First Amended Complaint and that PLAINTIFFS' damages were legally caused by each such DEFENDANT.

## JURISDICTION AND VENUE

11. The San Francisco Superior Court ("Superior Court") has jurisdiction over all causes of action herein pursuant to the California Constitution, Article VI, § 10, which grants the Superior Court "original jurisdiction in all cases except those given by statute to other trial courts."

12. The Superior Court has jurisdiction over DEFENDANT because DEFENDANT, and each of them, has sufficient minimum contacts with the State of California so as to render the exercise of jurisdiction over DEFENDANT, and each of them, by the California courts consistent with traditional notions of fair play and substantial justice.

13. This case is properly filed in Superior Court since it is a civil action wherein the relief sought is not of a type that may be granted in a limited civil case.

14. Venue is proper in the Superior Court because the unlawful acts alleged in this Complaint occurred and continue to occur in San Francisco County.

## FACTUAL ALLEGATIONS

I. **Unpaid and/or Underpaid Wages and/or Benefits as per Section 19134**

15. Section 19134 provides that "[p]ersonal services contracts entered into by a state agency . . . for persons providing . . . security guard services shall include provisions for employee wages and benefits that are valued at least 85 percent of the state employer cost of wages and benefits provided to state employees for performing similar duties." Gov. Code § 19134(a).

16. Section 19134 requires the Department of Personnel Administration to establish, annually, the required wage and benefit costs for covered workers. Gov. Code § 19134(c).

17. Section 19134 further provides that "[i]n lieu of providing actual benefits, contractors may comply with this section by a cash payment to employees equal to the applicable determination [by the Department of Personnel Administration] under [Section 19134(c)]." Gov. Code § 19134(d).

18. Moreover, Section 19134 specifies that "[f]ailure to provide benefits or cash-in-lieu to employees as required under this section shall be deemed to be a material breach for any contract for personal services covered by this section." Gov. Code § 19134(e).

19. Since 2001, DEFENDANT has entered into multiple written agreements ("the Contracts") with DGS to provide security guard services. The three known Contracts between DEFENDANT and DGS are provided as exhibits herein. The first contract ("Exhibit 1") covers the period from December 1, 2001 to November 30, 2004. (A true and correct copy of the pertinent provisions of this contract is attached hereto as Exhibit 1 and incorporated by this reference). The second contract ("Exhibit 2") covers the period from December 1, 2004 to March 31, 2005. (A true and correct copy of the pertinent provisions of this contract is attached hereto as Exhibit 2 and incorporated by this reference). The third contract ("Exhibit 3") covers the period from April 1, 2005 to March 31, 2008. (A true and correct copy of the pertinent provisions of this contract is attached hereto as Exhibit 3 and incorporated by this reference).

20. The Contracts require DEFENDANT to provide security guard services at the following two locations: 350 McAllister Street, San Francisco, California and 455 Golden Gate Avenue, San Francisco, California.

21. The Contracts expressly provide that "[p]ursuant to Government Code section 19134, contracts for security guard services must include provisions for employee benefits that are valued at least 85 percent of the state employer cost of benefits provided to state employees performing similar duties." (*See* Exhibits 1, 2 and 3). Additionally, the Contracts specify the "applicable benefit rates to be paid to Contractor's employees providing services under this contract" and defines "[e]mployee benefits" as "1) health, dental and vision benefits (either through a purchased plan or self insurance); 2) cash-in-lieu payments; or 3) a combination of actual benefits and cash-in-lieu payments." (*See* Exhibits 1, 2 and 3). The Contracts further

provide that "[e]very employee performing covered services under this contract shall receive the applicable rate corresponding to the employee's enrollment status (tier) [*See* Exhibit 1] and the total number of hours such employee works (excluding overtime). There is no minimum number of work hours required in order to qualify for section 19134 benefits." (*See* Exhibits 1, 2 and 3).

22. The Contracts expressly state that "Contractor acknowledges that failure to comply with the provisions of section 19134 will be deemed a material breach of this contract . . . ." (*See* Exhibit 1, 2 and 3).

23. DEFENDANT has consistently failed to provide any benefits and/or cash-in-lieu payments at hourly rates that are equal to or greater than the rate required under Section 19134 to employees that perform security guard services pursuant to the Contracts with DGS. DEFENDANT'S practice to this effect is on-going.

24. DEFENDANT has consistently failed to disclose the manner of calculation of PLAINTIFFS' benefits and/or cash-in-lieu under the terms of Section 19134 and DEFENDANT'S Contracts with DGS. DEFENDANT'S practice to this effect is on-going.

25. The value of failed payments by DEFENDANT as per DEFENDANT'S Contracts with DGS exceeds $25,000.

### CLASS ACTION ALLEGATIONS

26. PLAINTIFFS bring this action on their own behalf and on behalf of all persons similarly situated. The class that PLAINTIFFS represent is composed of any and all GUARDSMARK security guard employees currently working, or having previously worked within four years prior to the filing of this Complaint, to fulfill DEFENDANT'S contractual duties set out in any and all security guard services contracts between DEFENDANT and DGS. This putative class will be referred to herein collectively as the GUARDSMARK SECURITY GUARDS.

27. The GUARDSMARK SECURITY GUARDS are so numerous that joinder of all such persons is impracticable and that the disposition of their claims in a class action, rather than in individual actions, will benefit the parties and the court.

28.     There is a well-defined community of interest in the questions of law involving and affecting the GUARDSMARK SECURITY GUARDS in that DEFENDANT, on a class-wide basis, violated the same sections of the California Labor Code and Business & Professions Code, as well as breaching the same terms of DEFENDANT'S contracts with DGS, while engaging in constructive fraud as to all members of the class.

29.     There is a well-defined community of interest in the questions of fact involving and affecting GUARDSMARK SECURITY GUARDS in that:

   a.   DEFENDANT has a uniform policy of promising to provide wages, benefits and/or cash-in-lieu benefits to similarly situated security guards; and

   b.   DEFENDANT has a uniform policy of failing to pay all wages, benefits and/or cash-in-lieu benefits due to similarly situated security guards.

30.     These common questions of law and fact predominate over questions that affect only individual class members.

31.     PLAINTIFFS' claims alleged herein are typical of those of the class that could be alleged by other similarly situated GUARDSMARK SECURITY GUARDS working for DEFENDANT pursuant to DEFENDANT'S contracts with DGS in that DEFENDANT has and continues to engage in a pattern and practice of treating all similarly situated GUARDSMARK SECURITY GUARDS in the same fashion regarding the claims sought herein. Moreover, the relief sought is typical of the relief that would be sought by each of the similarly situated GUARDSMARK SECURITY GUARDS in separate actions.

32.     PLAINTIFFS, through their counsel, will fairly and adequately represent and protect the interests of the proposed class of employees.

33.     The prosecution of separate actions by individual GUARDSMARK SECURITY GUARDS would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the class, would establish incompatible standards of conduct for DEFENDANT, and would result in the impairment of rights of employees and the disposition of their interests through actions to which they were not parties.

34. A single class action is superior to numerous individual actions as a means of adjudicating those claims.

### FIRST CAUSE OF ACTION

(By PLAINTIFFS for Failure to pay full wages when due under Cal. Labor Code §§ 200 *et. seq.* against DEFENDANT)

35. PLAINTIFFS incorporate by reference, as though fully set forth, paragraphs 1-34.

36. By failing to compensate employees, as required by Section 19134, as fully set forth above, DEFENDANT has violated and continues to violate Labor Code Section 204, which requires employers, including DEFENDANT, to pay their employees their full wages when due.

37. By failing to compensate employees, as required by Section 19134, DEFENDANT has willfully failed to make timely payment of full wages, benefits and/or cash-in-lieu benefits due to its employees who quit or have been discharged, and thereby has violated Labor Code Sections 201 and 202.

38. As a result of said violations, PLAINTIFFS have been damaged in an amount according to proof but exceeding $25,000.

**WHEREFORE**, PLAINTIFFS pray for judgment against DEFENDANT, and each of them, as more fully set forth below.

### SECOND CAUSE OF ACTION

(By PLAINTIFFS for Unfair/Unlawful Business Practices against DEFENDANT)

39. PLAINTIFFS incorporate by reference, as though fully set forth, paragraphs 1-38.

40. By engaging in the above-alleged business practices in violation of Section 19134 and Labor Code Section 201, 202 and 204, DEFENDANT has engaged and continues to engage in unfair and unlawful business acts and practices in violation of Business & Professions Code Section 17200 *et. seq.*

41.     Unless enjoined, DEFENDANT will continue to engage in the unlawful and unfair business practices complained of herein.

42.     As a result of said business practices, PLAINTIFFS have been damaged in an amount according to proof but exceeding $25,000.

**WHEREFORE**, PLAINTIFFS pray for judgment against DEFENDANT, and each of them, as more fully set forth below.

### THIRD CAUSE OF ACTION

(By PLAINTIFFS for Breach of Contract against DEFENDANT)

43.     PLAINTIFFS incorporate by reference, as though fully set forth, paragraphs 1-42.

44.     PLAINTIFFS are informed and believe that DGS has performed all of its obligations and/or satisfied all conditions under the Contracts between DEFENDANT and DGS. Additionally, PLAINTIFFS are informed and believe that DEFENDANT is not excused from full performance of its duties under the Contracts.

45.     The Contracts between DEFENDANT and DGS are governed by Section 19134. Section 19134(a) provides that employees working under covered contracts shall be provided with "wages and benefits that are valued at least 85 percent of the state employer cost of wages and benefits provided to state employees for performing similar duties." Section 19134(e) further provides that contractors shall be deemed in material breach if they fail "to provide benefits or cash-in-lieu to employees as required under this section." As a condition of this contract, DEFENDANT agreed to comply with Section 19134 and to provide its employees who provide covered services with all wages, benefits and/or cash-in-lieu benefits at the rates specified in the contract.

46.     PLAINTIFFS are individuals who perform covered services pursuant to the Contracts between DEFENDANT and DGS. As such, PLAINTIFFS are beneficiaries of the Contracts between DEFENDANT and DGS.

47.     DEFENDANT has failed and refused, and continues to fail and continues to refuse, to provide PLAINTIFFS, who perform services pursuant to DEFENDANT'S Contracts

with DGS all wages, benefits and/or cash-in-lieu benefits as required by (1) Section 19134 and (2) DEFENDANT'S Contracts with DGS. Consequently, DEFENDANT has breached the Contracts without justification or excuse. As a result of said breach, PLAINTIFFS have been damaged in an amount according to proof but exceeding $25,000. Specifically, the difference between the amount paid by DEFENDANT to PLAINTIFFS and the amount owed to PLAINTIFFS as required by (1) Section 19134 and (2) DEFENDANT'S Contracts with DGS is due and payable.

**WHEREFORE**, PLAINTIFFS pray for judgment against DEFENDANT, and each of them, as more fully set forth below.

## FOURTH CAUSE OF ACTION

(By PLAINTIFFS for Breach of Implied Covenant of Good Faith and Fair Dealing against DEFENDANT)

48.   PLAINTIFFS incorporate by reference, as though fully set forth, paragraphs 1-47.

49.   As a party to the DGS contracts, DEFENDANT had a duty to do everything that the contracts obligated the DEFENDANT to do to accomplish the contracts' purpose, including payment to PLAINTIFFS of all wages, benefits and/or cash-in-lieu benefits when due.

50.   DEFENDANT breached the implied covenant of good faith and fair dealing by failing to cooperate with PLAINTIFFS in the performance of the contracts, including DEFENDANT'S continuing failure to pay PLAINTIFFS of all wages, benefits and/or cash-in-lieu benefits when due.

51.   As a result of said breach, PLAINTIFFS have been damaged in an amount according to proof but exceeding $25,000.

**WHEREFORE**, PLAINTIFFS pray for judgment against DEFENDANT, and each of them, as more fully set forth below.

///
///
///

### FIFTH CAUSE OF ACTION

(By PLAINTIFFS for Constructive Fraud against DEFENDANT)

52. PLAINTIFF incorporates by reference, as though fully set forth, paragraphs 1 - 51.

53. Based upon the particular duties that arise under DEFENDANT'S Contracts with DGS, a special and/or fiduciary relationship exists between PLAINTIFFS and DEFENDANT.

54. By continually failing to pay and disclose an explanation and manner of calculation of PLAINTIFFS' wages, benefits and/or cash-in-lieu under the terms of Section 19134 and DEFENDANT'S Contracts with DGS, DEFENDANT has breached its special and/or fiduciary relationship with PLAINTIFFS.

55. DEFENDANT'S failure to pay all wages, benefits and/or cash-in-lieu benefits and/or disclose an explanation and manner of calculation of said benefits resulted in a financial and informational business advantage over PLAINTIFFS.

56. PLAINTIFFS justifiably relied upon the representation by DEFENDANT that PLAINTIFFS would be paid their full wages, benefits and/or cash-in-lieu benefits consistent with the terms and conditions of the Contracts.

57. As a result of DEFENDANT'S fraudulent conduct, PLAINTIFFS have been damaged in an amount according to proof but exceeding $25,000.

58. Additionally, because of DEFENDANT'S ongoing fraudulent conduct, PLAINTIFFS pray for punitive damages in an amount to be determined by the Court.

**WHEREFORE**, PLAINTIFFS pray for judgment against DEFENDANT, and each of them, as more fully set forth below.

### JURY TRIAL DEMAND

PLAINTIFFS hereby demand a jury trial on all issues as to which a jury trial is available.

///

///

///

## PRAYER FOR RELIEF

**WHEREFORE**, PLAINTIFFS pray for the following relief:

1. A permanent injunction requiring DEFENDANT to cease and desist from engaging in the unlawful conduct and unfair business practices complained of above;

2. A monetary award for back pay and/or restitution to PLAINTIFFS of the difference between the amount paid to PLAINTIFFS and the amount owed under Section 19134 and/or DEFENDANT'S Contracts with DGS, in an amount to be established by proof at trial but believed to exceed of $25,000;

3. Waiting time penalties on monies due upon termination to employees who quit or have been discharged, as provided for by Labor Code Section 203 and Section 218;

4. Penalties for failure to pay employees their full wages when due, as provided for by Labor Code Section 210 and Section 218;

5. Punitive damages as may be determined by this Court;

6. All other appropriate equitable relief authorized by Business & Professions Code Section 17203;

7. Prejudgment interest on all sums awarded at the rate of ten percent (10%) per annum from the date each wage payment was due to the date of judgment herein, pursuant to Labor Code Section 218.6 and Civil Code Section 3289;

8. Attorney's fees, statutory costs and litigation expenses in an amount the Court determines to be reasonable, pursuant to Labor Code Section 218.5 and/or California Code of Civil Procedure Section 1021.5; and

9. Such other and further relief as is equitable, just and proper.

DATED: September 27, 2007                    HEINTZ ROBYN & DIGESTI LLP

BY: _____
CHRISTOPHER R. ROBYN
Attorney for Plaintiffs