# **TENTATIVE RULING**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOEL ASSEKO, ALFREDO RITA,  )
and ALEX SHPAK, individually)
and on behalf of all other  )     No. C07-4367 BZ
similarly situated,         )
                            )     **ORDER GRANTING PLAINTIFFS'**
          Plaintiff(s),     )     **MOTION TO REMAND**
                            )
     v.                     )
                            )
GUARDSMARK LLC, et al.,     )
                            )
          Defendant(s).     )
_____ )

     Plaintiffs have moved to remand this action to state

court pursuant to 28 U.S.C. Section 1447(c).[1]  For the reasons

articulated below, plaintiffs' motion is **GRANTED.**

     On May 31, 2007, plaintiffs filed suit in state court, on

their own behalf as well as on behalf of those similarly

situated, against their employer defendant Guardsmark, a

_____

     [1]    All parties have consented to my jurisdiction
pursuant to 28 U.S.C. § 636(c) for all proceedings, including
entry of final judgment, other than plaintiffs' request for
remand.

1

# TENTATIVE RULING

private security company.  Plaintiffs are security guards and
members of the Service Employees International Union
("Union").  Plaintiffs' employment is governed by a collective
bargaining agreement between defendant and the Union ("CBA")[2].
Defendant also contracted with the California Department of
General Services ("Department") to provide security at the
State Building in the San Francisco Civic Center Complex.

In state court, plaintiffs' sued defendant for allegedly
failing to pay wages and benefits as required by California
Government Code section 19134 ("section 19134").  Section
19134 provides that "[p]ersonal services contracts entered
into by a state agency . . . for persons providing ...
security guard services shall include provisions for employee
wages and benefits that are valued at least 85 percent of the
state employer cost of wages and benefits provided to state
employees for performing similar duties."

Defendant removed the matter to federal court contending
that plaintiffs' third through eighth causes of action were
preempted by Section 301 of the federal Labor Management
Relations Act ("LMRA"), 29 U.S.C. § 185(a).  Defendant argued
that to the extent plaintiffs' first and second causes of
action for failure to pay wages and for unfair business
practices under California's Business & Professions and Labor

---

[2]    Plaintiffs attached the CBA effective July 1, 2003
through June 30, 2007 as an exhibit to their moving papers.  It
does not appear that defendant was a party to that CBA.
Defendant was a party to a latter CBA effective September 1,
2004 through April 30, 2007.  As such, I will only consider the
September 1, 2004 CBA to which defendant was a party.

# TENTATIVE RULING

Codes were not preempted by the LMRA, this Court had supplemental jurisdiction over those claims.

On September 27, 2007, by stipulation, plaintiffs filed a first amended complaint ("amended complaint") dismissing all claims they contend were preempted by the LMRA.  The amended complaint only contains claims for relief involving defendant's alleged failure to provide wages and benefits as required by section 19134.[3]  Plaintiffs then moved to remand the matter to state court.  Defendant argues that several of plaintiffs' claims are still preempted under section 301 of the LMRA.[4]

A federal court may remand an action to state court for lack of subject matter jurisdiction any time before entry of final judgment.  28 U.S.C. § 1447(c).  Subject matter jurisdiction is generally determined by viewing the complaint at the time of removal.  See Sparta Surgical Corp. v. National Ass'n of Sec. Dealers, Inc., 159 F.3d 1209, 1211 (9th Cir.

---

[3]    In the amended complaint, plaintiffs allege that the failure to pay benefits required by Section 19134, not only violates that law but also violates provisions of the contract between defendant and the Department which requires defendant to pay plaintiffs in accordance with state laws and constitutes an unfair business practice under state law. Plaintiffs' amended complaint does not mention the CBA, let alone allege that it is violated.  Plaintiffs dropped their claims involving failure to pay and underpayment of holiday pay as well as failure to pay for mandated training.

[4]    Specifically, defendant contends that plaintiffs claims for breach of contract, breach of the covenant of good faith, and constructive fraud involving defendant's alleged breach of its contract with the Department for payment of wages and benefits (or cash-in-lieu of benefits) pursuant to section 19134 are still preempted.

# TENTATIVE RULING

1998.)  When a plaintiff makes a tactical decision to dismiss claims after removal to avoid federal jurisdiction, the court has discretion to remand if subject matter jurisdiction is lacking.  See Baddie v. Berkeley Farms, Inc., 64 F.3d 487, 490 (9th Cir. 1995); see also Schuster v. Gardner, 319 F.Supp.2d 1159, 1164 – 65.

Section 301 of the LMRA preempts state law claims that are directly based on rights provided under a collective bargaining agreement or dependant on interpreting a collective bargaining agreement.  Caterpillar, Inc. V. Williams, 482 U.S. 286, 394 (1987).  "When the meaning of particular contract terms is not disputed, however, the fact that a collective bargaining agreement must be consulted for information will not result in § 301 preemption."  Aguilera v. Pirelli Armstrong Tire Corp., 223 F.3d 1010, 1014 (9th Cir. 2000).

The Ninth Circuit has set forth a two part test to determine if section 301 of the LMRA preempts state law claims.  Initially, it must be determined "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a CBA."  Burnside v. Kiewit Pac. Corp., 491 F.3d 1053, 1059 (9th Cir. 2007).  If "the right exists independently of the CBA, we must still consider whether it is nevertheless 'substantially dependent on analysis of a collective- bargaining agreement.'"  Id.; quoting Caterpillar, 482 U.S. at 394.

Here, plaintiff's right to receive wages and benefits (or cash-in-lieu of benefits) pursuant to section 19134 is set

4

# TENTATIVE RULING

forth in both the statute and the contract between defendant
and the Department.  The collective bargaining agreement does
not refer to section 19134 and plaintiffs do not allege a
violation of that agreement.  The collective bargaining
agreement sets forth wages the Union bargained for on behalf
its workers.  With respect to health benefits, the collective
bargaining agreement calls for continued benefits pursuant to
the previous collective bargaining agreement[5] "and in accounts
where such coverage is agreed upon between [defendant] and
[the Department]."

> "[W]hen the meaning of contract terms is not subject to
dispute, the bare fact that a collective bargaining agreement
will be consulted in the course of state-law litigation
plainly does not require the claim to be extinguished."
Livadas v. Bradshaw, 512 U.S. 107, 124 (1994).  Whether
analysis of the collective bargaining agreement is necessary
requires a determination as to whether the claim can be
resolved by "looking to" versus "interpreting" the contract.
Burnside, 491 F.3d at 1060.  In the context of section 301
preemption "the term 'interpret' is defined narrowly" and
means more than considering, referring to or applying the
collective bargaining agreement terms.  Balcorta v. Twentieth
Century-Fox Film Corp., 208 F.3d 1102, 1108 (9th Cir. 2000).
The Ninth Circuit acknowledges that the "'line between

---

[5]The collective bargaining agreement effective September
1, 2004 through April 30, 2007 is the only collective
bargaining agreement before me.

5

# TENTATIVE RULING

reference to and interpretation of an agreement may be somewhat hazy,' (citation omitted) the totality of the policies underlying § 301-promoting the arbitration of labor contract disputes, securing the uniform interpretation of labor contracts, and protecting the states' authority to enact minimum labor standards-guides our understanding of what constitutes 'interpretation.'"  Id. at 1108 - 1109; *citing* Ramirez v. Fox Television Station, Inc., 998 F.2d 743, 749 (9th Cir. 1993).

Plaintiffs' claims are not dependent on an analysis or interpretation of the collective bargaining agreement. Although plaintiffs' wages and benefits are referred to in the collective bargaining agreement, there is no evidence that plaintiffs negotiated away or expressly waived their state law rights under section 19134.  Nor does, section 301 of LMRA "grant the parties to a collective-bargaining agreement the ability to contract for what is illegal under state law." Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 212 (1985). Plaintiffs claims for breach of contract, breach of the implied covenant of good faith and constructive fraud are all based on state law and defendant's contract with Department, which incorporate's defendant's obligations under section 19134, and do not require interpretation of the collective bargaining agreement.

Defendant repeatedly points to the Ninth Circuit's holding in Aguilera to support its contention that because the contract with the Department involves job positions covered by

# TENTATIVE RULING

the collective bargaining agreement, the claims are preempted.
In <u>Aquilera</u>, to the extent plaintiffs claimed defendants had
violated state law, that claim was time barred.  The only
remaining claim – that defendant had violated promises that
they would be permanently employed – was found preempted by a
CBA signed after plaintiffs were hired, to which they
"expressly acceded" (<u>Aquilera</u>, 223 F.3d at 1015) and whose
seniority provisions governed the manner in which plaintiffs
were laid off.  Plaintiffs' claims for relief are more akin to
the plaintiffs in <u>Burnside</u> because their claims are based on
rights for wages and benefits provided by state law, and
resolving the claims does not require interpretation and
analysis of the collective bargaining agreement.  <u>See</u> 491 F.3d
1053.

Even though I have found that plaintiffs' remaining
claims for relief are not preempted, I have discretion to
retain supplemental jurisdiction over the remaining claims in
plaintiffs' amended compliant.  28 U.S.C.S. § 1367(c)(3).
"Needless decisions of state law should be avoided both as a
matter of comity and to promote justice between the parties,
by procuring for them a surer-footed reading of applicable
law," <u>United Mine Workers of Am. v. Gibbs</u>,383 U.S. 715, 726
(1966).  As such, I decline to extending supplemental
jurisdiction here.

Accordingly, plaintiffs' motion to remand is **GRANTED** and
the clerk is ordered to **TRANSFER** the case to the Superior
Court of the City and County of San Francisco for further

# TENTATIVE RULING

proceedings.

Dated: November 27, 2007

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\ASSEKO\ORDER RE MOTION TO REMAND.BZ VERSION2.TENTATIVE
RULING.wpd